# EXHIBIT A



**COLORADO**
Department of
Regulatory Agencies

Colorado Civil Rights Division

1560 Broadway Street, Suite 825
Denver, CO 80202

Charge No. CP2018011310

Autumn Scardina
7779 Everett Way
Arvada, CO 80005                                Complainant

Masterpiece Cakeshop Incorporated
3355 S. Wadsworth Blvd
Lakewood, CO 80227                              Respondent

### DETERMINATION

Under the authority vested in me by C.R.S. 24-34-306 (2), I conclude from our investigation that there is sufficient evidence to support the Complainant's claim of discrimination. As such, a **Probable Cause** determination is hereby issued.

The Respondent is a place of public accommodation within the meaning of C.R.S. 24-34-601 (1), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 6 have been met.

The Complainant alleges that on or about June 26, 2017, she was denied full and equal enjoyment of a place of public accommodation based on her sex (female) and/or transgender status (gender identify).

The Respondent denies the allegation of discrimination and contends that it will not design custom cakes that express ideas or celebrate events at odds with its owner and staff's religious beliefs.

The legal framework under which civil rights matters are examined is as follows: The Charging Party bears the burden of proving that discrimination has occurred. Each key or essential element ("prima facie") of the particular claim must be proven, through a majority ("preponderance") of the evidence. If the Charging Party meets this initial burden of proof, then the Respondent has the burden of explaining, with



sufficient clarity, a non-discriminatory justification for the action taken. This is in response to the specifically alleged action named in the charge. In addition, the Respondent has the burden to produce documents and other information requested by the administrative agency during the civil rights investigation. If the Respondent offers a non-discriminatory reason, then the burden once again shifts back to the Charging Party to prove that this proffered legitimate reason is merely a pretext for discrimination. At this stage, the Charging Party must prove, again through sufficient evidence, that the true and primary motive for the Respondent's actions is unlawful discrimination.

"Unlawful discrimination" means treatment that is primarily based on the Charging Party's asserted protected group or status. The Respondent's stated reasons for its actions are presumed to be true, unless and until the Charging Party, again through a preponderance of the evidence in the record, adequately shows that the Respondent's reason is pretext (i.e., is not to be believed), and that the Charging Party's protected status was the main reason for the adverse action taken. The Charging Party does not need to submit additional evidence, in response to the Respondent's position, but the available evidence must be legally sufficient so that a reasonable person would find that the Respondent intended to discriminate against the Charging Party because of his/her protected civil rights status. See Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997); Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

The Respondent is a bakery that provides cakes and baked goods to the public, and operates within the state of Colorado.

On or about June 26, 2017, the Complainant contacted the Respondent to order a cake and spoke with Debi Phillips ("D. Phillips") (female), Co-Owner. The Complainant contends that she requested a custom birthday cake. D. Phillips acknowledges that the Complainant called and requested a custom cake, but asserts that based on their conversation, it was not clear that she was requesting a birthday cake. D. Phillips states that she solicited details about the Complainant's wishes for the cake, including the date it was needed, the size, and desired flavors. The Complainant responded that she would need the cake by July 6, 2017, needed it to serve 6-8 people, and wanted the cake to have a blue exterior and a pink interior. The Complainant asserts that she "explained that the design was a reflection of the fact that [she] transitioned from male-to-female and that [she] had come out as transgender on [her] birthday." D. Phillips states that after the Complainant informed her that the cake was "to celebrate a sex-change from male to female," she instructed the Complainant that the Respondent would not make the requested cake. At this point, the phone call ended.

2

Shortly thereafter, the Complainant called the Respondent again and spoke with Lisa Eldfrick ("Eldfrick") (female), Service Representative. The Complainant states that she told the person who answered, Eldfrick, that she had just called and was disconnected. She asserts that she told Eldfrick that she "was calling to order a birthday cake and that [she] wanted it to be blue on the outside and pink on the inside because [her] birthday was the same day as the day [she] came out as transgender." Eldfrick asserts that she informed the Complainant that the Respondent would not fulfill this request. The evidence indicates that the Complainant questioned the Respondent's policies and that Eldfrick ended the phone call without responding to the Complainant's inquiries.

Jack Phillips (male), Owner, who admittedly makes all final business decisions for the Respondent, affirms this position, contending that the Respondent will not create custom cakes that address the topic of sex-changes or gender transitions. He contends that he will not support a message that "promote[s] the idea that a person's sex is anything other than an immutable God-given biological reality."

The Respondent asserts that it declines to make more than two to five custom cakes per week, due to time constraints. The Respondent also states that it refuses to make custom cakes for other expressions that it deems to be objectionable.

Denial of Full and Equal Enjoyment of a Place of Public Accommodation/Sex/ Transgender Status:

To prevail on a claim of discriminatory denial of full and equal enjoyment of goods, services, benefits or privileges of a place of public accommodation, the evidence must show that: (1) the Charging Party is a member of a protected class; (2) the Charging Party sought goods or services from the Respondent; (3) the Charging Party was otherwise a qualified recipient of the services of the Respondent; 4) the Respondent denied the Charging Party the full and equal enjoyment of its services; and 5) the circumstances give rise to an inference of unlawful discrimination based on a protected class.

The Complainant is a member of protected classed based on her sex (female) and transgender status (gender identity). On or about June 26, 2017, the Complainant sought goods and service from the Respondent by requesting a custom cake. The Complainant was a qualified recipient of the services by the Respondent. An employee of the Respondent initially indicated that she was willing to assist the Complainant with this request, however, when the Complainant requested a blue exterior and a pink interior, explaining that the design reflected the Complainant's gender transition from male to female, the Respondent refused to provide the requested service to the Complainant. The Respondent asserts that it will not provide the service of creating cakes that "promote the idea that a person's sex is anything other than an immutable God-given biological reality." The evidence thus

3

demonstrates that the refusal to provide service to the Complainant was based on the Complainant's transgender status. A claim of discriminatory denial of full and equal enjoyment of a place of public accommodation has been established. As asserted by the Supreme Court, "It is unexceptional that Colorado law can protect gay persons, just as it can protect other classes of individuals, in acquiring whatever products and services they choose on the same terms and conditions are offered to other members of the public." Masterpiece Cakeshop v. Colorado Civil Rights Commission, 584 U.S. ___ (2018).

Based on the evidence contained above, I determine that the Respondents have violated C.R.S. 24-34-602, as re-enacted, in respect to the Complainant's claim that the Respondents denied her equal enjoyment of a place of public accommodation.

In accordance with C.R.S. 24-34-306(2)(b)(II), as re-enacted, the Parties hereby are ordered by the Director to proceed to attempt amicable resolution of these charges by compulsory mediation. The Parties will be contacted by the agency to schedule this process.

On Behalf of the Colorado Civil Rights Division

_(signature)_       6-28-2018
Aubrey Elenis, Director        Date
Or Authorized Designee

4

## Certificate of Mailing

This is to certify that on July 2, 2018 a true and exact copy of the Closing Action of the above-referenced charge was deposited in the U.S. mail, postage prepaid, addressed to the parties and or representatives listed below:

CCRD Case number CP2018011310

Autumn Scardina
7779 Everett Way
Arvada, CO 80005

Todd Scardina, Esq.
Scardina Law
1245 E. Colfax Ave., Suite 302
Denver, CO 80218

Masterpiece Cakeshop, Incorporated
3355 S. Wadsworth Blvd. H-117
Lakewood, CO 80227

Jacob Warner, Esq.
Alliance for Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260

_____
Jon Wilson
Colorado Department of Regulatory Agencies
Colorado Civil Rights Division
1560 Broadway, Suite 825
Denver, CO 80202