IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   18-cv-02074-WYD-STV

MASTERPIECE CAKESHOP INCORPORATED, a Colorado corporation; and
JACK PHILLIPS,

      Plaintiffs,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in her official and
individual capacities;
ANTHONY ARAGON, as member of the Colorado Civil Rights Commission, in his
official capacity;
MIGUEL "MICHAEL" RENE ELIAS, as member of the Colorado Civil Rights
Commission, in his official capacity;
CAROL FABRIZIO, as member of the Colorado Civil Rights Commission, in her official
capacity;
CHARLES GARCIA, as member of the Colorado Civil Rights Commission, in his official
capacity;
RITA LEWIS, as member of the Colorado Civil Rights Commission, in her official
capacity;
JESSICA POCOCK, as member of the Colorado Civil Rights Commission, in her official
capacity;
CYNTHIA H. COFFMAN, Colorado Attorney General, in her official capacity; and
JOHN HICKENLOOPER, Colorado Governor, in his official capacity,

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on the National Allegiance of Black Pastors'

Motion for Leave to Appear as Amicus Curiae and in Support of the Intervening Plaintiffs

(ECF No. 34); the Center for Garden State Families' Motion for Leave to Appear as

Amicus Curiae and in Support of the Intervening Plaintiffs (ECF No. 35); the Coalition of

Doctors Defending Reparative Therapy's Motion for Leave to Appear as Amicus Curiae

and in Support of the Intervening Plaintiffs (ECF No. 36); and American Family

Association's and WW Bridal's Motion for Leave to Appear as Amici Curiae and in Support of the Intervening Plaintiffs (ECF No. 37).[1]   The Motions were filed on September 13, 2018.

On September 26, 2018, I ordered Plaintiffs to file a response to the Motions. (ECF No. 38).   Plaintiffs filed their response on October 5, 2018. (ECF No. 39).   Plaintiffs oppose the Motions and assert the proposed amicus documents will not assist their own arguments because the documents "contain odd arguments and content that disrespects the parties to this case and the judicial system in general." (*Id.* at 3).

District courts have long recognized their discretion to allow or prohibit the participation of amici curiae. *Vigil v. Am. Tel. and Tel. Co.*, 1969 WL 118, at *1 (D. Colo. Sept. 9, 1969).   Typically, a trial court's decision to deny a motion for leave to file an amicus brief is not even appealable. *See Northrop Grumman Corp. v. TRW, Inc.*, 40 Fed. App'x 124, 125-26 (6th Cir. 2002); *SEC v. Better Life Club of Am., Inc.*, 1998 WL 389102, *1 (D.C.Cir. June 1, 1998).   "But neither the Tenth Circuit nor the Federal Rules of Civil Procedure set forth standards upon which such discretion should be exercised." *Center for Biological Diversity v. Jewell*, 2017 WL 4334071, *1 (D. Colo. May 16, 2017).   Courts nonetheless weigh the following factors to evaluate whether to allow amici curiae:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Medina v. Catholic Health Initiatives*, 2015 WL 13683647 at *1 (D. Colo. Oct. 7, 2015) (quoting *Wildearth Guardians v. Lane*, 2012 WL 10028647 at *2 (D.N.M. June 20,

---

[1] Collectively, I will refer to these filings as the Motions.

2012)); *see also Ctr. for Biological Diversity*, 2017 WL 4334071, at *1 (considering whether to permit an amicus curiae based on the amicus curiae's interest in the case, the relevance of the matters it sought to address, and the desirability of its participation). No single factor is determinative. *See Medina*, 2015 WL 13683647, at *1.

These factors weigh strongly in favor of denying the Motions. After reviewing the Motions and the proposed amici briefs, I find that the information presented by the potential amici is not at all useful, and oftentimes totally irrelevant, to this case. I also find, based on Plaintiffs' response, that entry of the pending amici is opposed and that Plaintiffs' counsel can make their arguments without assistance from the pending amici.

Accordingly, it is

ORDERED that the National Allegiance of Black Pastors' Motion for Leave to Appear as Amicus Curiae and in Support of the Intervening Plaintiffs (ECF No. 34); the Center for Garden State Families' Motion for Leave to Appear as Amicus Curiae and in Support of the Intervening Plaintiffs (ECF No. 35); the Coalition of Doctors Defending Reparative Therapy's Motion for Leave to Appear as Amicus Curiae and in Support of the Intervening Plaintiffs (ECF No. 36); and American Family Association's and WW Bridal's Motion for Leave to Appear as Amici Curiae and in Support of the Intervening (ECF No. 37) are **DENIED.**

Dated: October 10, 2018

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge