IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02074-WYD-STV

MASTERPIECE CAKESHOP INCORPORATED, a Colorado corporation, *et al*.,

      Plaintiffs,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in her official and individual capacities, *et al.*,

      Defendants.

---

**STATE OFFICIALS' MOTION FOR ORDER PROHIBITING PLAINTIFFS'
USE OF OPEN RECORDS LAWS TO CIRCUMVENT DISCOVERY**

---

Defendants Aubrey Elenis, Director of the Colorado Civil Rights Division, in her official and individual capacities (the "Division Director"), Anthony Aragon, Miguel "Michael" Rene Elias, Carol Fabrizio, Charles Garcia, Rita Lewis, and Jessica Pocock, in their official capacities as members of the Colorado Civil Rights Commission (collectively, "Commissioners" or the "Commission"), Cynthia H. Coffman, in her official capacity as Colorado Attorney General (the "Attorney General"), and John Hickenlooper, in his official capacity as Colorado Governor (the "Governor") (collectively, "State Officials"), by and through the Attorney General's Office and undersigned counsel, move for an order prohibiting Plaintiffs from using the Colorado Open Records Act ("CORA") to circumvent the discovery process.

**D.C. COLO. Civ. R. 7.1(a) CERTIFICATION**

Undersigned counsel certifies that she conferred in good faith with counsel for Plaintiffs regarding the relief requested by this Motion and is authorized to represent that Plaintiffs oppose the same.

## BACKGROUND

Plaintiff Masterpiece Cakeshop, Inc. (the "bakery"), which is owned by Plaintiff Jack Phillips, was the respondent to an earlier third-party charge of discrimination in a place of public accommodation filed with the Colorado Civil Rights Division ("Division") in 2012. After the full adjudication of the 2012 charge, the United States Supreme Court issued a decision on June 4, 2018, holding that hostility on the part of *former* Commissioners was "inconsistent with the First Amendment's guarantee that our laws be applied in a manner that is neutral towards religion." *See Craig v. Masterpiece Cakeshop, Inc.,* 370 P.3d 272 (Colo. App. 2015), *rev'd sub nom. Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719, 1732 (2018). As a result, the Court did not reach the merits of the bakery and Mr. Phillips' challenge to the former Commissioners' decision holding that they violated the Colorado Anti-Discrimination Act, §§ 24-34-301 to –804, C.R.S. (2018). *Id.*, at 1728, 1723-24, 1732.

On June 28, 2018, the Division Director found probable cause for a *new* charge of discrimination filed against the bakery and Mr. Phillips by a *different* member of the public. Doc. 1, ¶¶ 175, 195-202. In June 2017, the bakery refused to make a birthday cake for Autumn Scardina because "the cake was 'to celebrate a sex-change from male to female.'" Doc. 1, ¶¶ 179, 184; Doc. 1-1, p. 2-3. After being refused service, Ms. Scardina filed a charge of discrimination based on sex and transgender status with the Division in July 2017, which in turn notified the bakery and investigated the charge to determine whether probable cause exists. Doc. 1, ¶¶ 192-93.

After the Division Director's probable cause finding but before the Commission filed a Notice of Hearing and Formal Complaint in *Scardina v. Masterpiece Cakeshop Inc.*, *et al.*, Colorado Office of Administrative Courts Case No. CR 2018_____, on October 9, 2018,

Plaintiffs filed their Verified Complaint in this Court. *See* Doc. 1, p. 51. In it, they assert claims under 42 U.S.C. § 1983 against the State Officials for allegedly violating their First and Fourteenth Amendment constitutional rights based on several as-applied and facial theories. *Id.*, ¶¶ 280-335. The Verified Complaint requests preliminary injunctive relief [Doc. 1, p. 48-49] and, although Plaintiffs have not yet filed a motion seeking same, they have requested and received leave of Court to file a motion that exceeds the 15-page limit. *See* Doc. 19. As a result, the State Officials believe that the filing of such a motion is imminent and, in turn, will necessitate their defense of Plaintiffs' claims on short notice in a contested evidentiary hearing.

## PENDING COLORADO OPEN RECORDS ACT REQUESTS

After initiating this civil action, Plaintiffs, through attorney Barry Arrington, submitted three separate CORA requests to the State Officials (attached as *Exhibit A*).[1] The Division and the Commission received their CORA requests on August 29, 2018, and the Governor received his CORA request on August 31, 2018. Because the requests are broadly worded, encompass all of a large category of records, and will yield a large volume of potentially responsive records, each State Official utilized the extension provided in § 24-72-203(3)(b)(I)-(III), C.R.S., to prepare cost estimates for the staff time it would take to gather, review, and produce the requested records.

Simultaneously, counsel of record for the parties were engaged in conferrals about the scope of this litigation, including limiting Plaintiffs' ability to circumvent or supplement the discovery process by submitting CORA requests to the State Officials for records related to

---

[1] Although not counsel of record, Mr. Arrington appears to be working in concert with Plaintiffs and/or their counsel of record as demonstrated by his act of copying two of their counsel of record on two of the CORA requests. *See* Exhibit A, p. 1, 6.

disputed claims and defenses. Because those discussions would affect the State Officials'

responses to the CORA requests, their records counsel contacted Mr. Arrington by telephone on

September 13, 2018, to request that the CORA requests be put on hold pending the outcome of

those conferrals. Mr. Arrington agreed to a temporary hold of the three outstanding CORA

requests by email on September 18, 2018 (attached as *Exhibit B*).

On October 12, 2018, Mr. Arrington renewed his CORA requests by email asking that

the State Officials proceed with fulfilling the requests (attached as *Exhibit C*). In response,

records counsel for the State Officials sent a letter notifying Mr. Arrington about their intent to

file this Motion, and providing status updates and/or cost estimates for the three CORA requests

(attached as *Exhibit D*).

## ARGUMENT

### I.       Standard of review.

The Federal Rules of Civil Procedure ("Rules") govern, *inter alia*, the timing and manner

in which the parties to an action obtain information about disputed facts, claims, and defenses

from each other and third-parties. *See e.g.*, Fed. R. Civ. P. 1, 16, 26, 30, 33-34, and 36. Coupled

with any discovery orders specific to the civil action, the Rules and a court's orders operate to

control the exchange of information and documents between the parties. In many cases, they also

operate to protect confidential or privileged information by limiting access to and the use of

documents obtained in discovery, and to protect parties and third-parties from overly

burdensome or harassing discovery requests. *See* Fed. R. Civ. P. 16, 26(c). By their own terms,

the Rules must "be construed, administered, and employed by the court and the parties to secure

the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P.

1. "Generally, '[c]ontrol of discovery is entrusted to the sound discretion of the trial courts," and

a trial court's ruling on discovery motions "'will not be disturbed absent abuse of discretion.'"

*Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995) (quoting *Martinez v. Schock*

*Transfer and Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

> II.     **This Court should prohibit Plaintiffs from using open records laws to circumvent or supplement the discovery process.**

In this case, Plaintiffs seek to bypass the Rules and use CORA as a discovery substitute.

The three CORA requests seek records that are unquestionably related to the parties' disputed

claims and defenses in this case, as illustrated by just one of their many subparts:

> All e-mails (including attachments) sent or received by [respective State Official] from June 1, 2012[2], through the present that mention or relate to: (1) Masterpiece Cakeshop (a business located at 3355 South Wadsworth H-117, Lakewood, CO 80227); (2) Jack Phillips (the owner of Masterpiece Cakeshop); (3) Charlie Craig (an individual who filed a discrimination complaint against Masterpiece Cakeshop); (4) David Mullins (an individual who filed a discrimination complaint against Masterpiece Cakeshop); (5) Deborah Munn (the mother of Charlie Craig); (6) Autumn Scardina (an individual who filed a discrimination complaint against Masterpiece Cakeshop); (7) any current, past, or contemplated litigation or proceedings involving Masterpiece Cakeshop or Jack Phillips; (8) Azucar Bakery (a business located at 1886 S. Broadway, Denver, CO 80210); (9) Le Bakery Sensual, Inc. (a business located at 300 E. 6th Ave., Denver, CO 80203); (10) Gateaux, Ltd. (a business located at 1160 N. Speer Blvd., Denver, CO 80204); or (11) William Jack (an individual who filed discrimination complaints against Azucar Bakery, Le Bakery Sensual, and Gateaux).

*See* Exhibit A, p. 2, 8, 13. The requests seek numerous, broad categories of records that would

otherwise be available through the discovery process subject to the Rules and any Orders of this

Court. Indeed, the requests read like requests for production issued to parties under Rule 34.

Records obtained through the requests doubtless will be offered as evidence against the State

Officials throughout their defense of this case, including at the imminent preliminary injunction

hearing.

---

[2] The timeframe in the request to the Attorney General is January 13, 2015, through the present.

This Court should prohibit Plaintiffs from using CORA to circumvent the Rules and court-supervised discovery process for three reasons. *First*, CORA itself imposes specific limitations on the right to access public records:

> (1)(a)  All public records shall be open for inspection by any person at reasonable times, *except* as provided in this part 2 or *as otherwise provided by law*….
> . . .
> (1)  The custodian of any public records shall allow any person the right of inspection of such records or any portion thereof except on one or more of the following grounds or as provided in subsection (2) or (3) of this section:
> . . .
> (c)  *Such inspection is prohibited* by rules promulgated by the supreme court or *by the order of any court*.

§§ 24-72-203(1)(a) and 24-72-204(1)(c), C.R.S. (emphasis added). Thus, the plain language of CORA establishes that the right to access public records can be limited by other laws, such as the Rules, or the order of *any* court, including *this* Court.  *Id.*; *see Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1184 (D. Colo. 1999) ("In construing statutory provisions, a court should give effect to the intent of the legislature. A court must look first to the statutory language itself, giving words and phrases their commonly accepted meaning. Where the language of a statute is plain and the meaning is clear, a court need not resort to interpretive rules of statutory construction, but must apply the statute as written.").

*Second*, federal and state courts have long-recognized that nothing in CORA prohibits a court from entering and enforcing its own discovery limits. Indeed, the U.S. Supreme Court and a host of lower courts across the country have held that open records laws cannot be utilized as a substitute or supplement for traditional discovery procedures. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) (stating Freedom of Information Act (FOIA) "was not intended to supplement" rules of discovery); *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 801 (1984) (explaining that permitting a party to "obtain through the FOIA material that is normally

privileged would create an anomaly in that the FOIA could be used to supplement civil discovery"); *see also Williams & Connolly v. SEC,* 662 F.3d 1240, 1245 (D.C. Cir. 2011) ("FOIA is ... [not] an appropriate means to vindicate discovery abuses"); *Columbia Packing Co., Inc. v. U.S. Dep't of Agriculture*, 563 F.2d 495, 500 (1st Cir. 1977) ("FOIA was not enacted to provide litigants with an additional discovery tool."); *Agility Pub. Warehousing Co. K.S.C. v. Nat'l Security Agency*, 113 F. Supp. 3d 313, 331 n.9 (D.D.C. 2015) ("FOIA is not the appropriate vehicle to vindicate discovery abuses or otherwise conduct discovery."); *Johnson v. U.S. Dep't of Justice,* 758 F. Supp. 2, 5 (D.D.C. 1991) ("FOIA is not a discovery statute.").

Nearly forty years ago, the Colorado Supreme Court determined that the legislature did not intend for state open records laws to supplant discovery practice in civil litigation because such laws "are 'directed toward regulation of the entirely different situation of the general exploration of public records by any citizen during general business hours.'" *Martinelli v. District Court in and for City and Cnty of Denver*, 612 P.2d 1083, 1093 (Colo. 1980), *quoting Tighe v. City and Cnty of Honolulu*, 520 P.2d 1345, 1348 (Haw. 1974). Over six years ago, a division of this Court relied on *Martinelli* in determining the same. *See Citizen Center v. Gessler*, No. 12-cv-00370-CMA-MJW, ¶ 11 (D. Colo. July 16, 2012) (Order regarding emergency motion to reconsider Scheduling Order provision prohibiting plaintiff's use of CORA to circumvent discovery) (attached as *Exhibit E*). The clear thrust of this line of cases is that a party cannot accomplish through an open records request that which he "was unable to accomplish during civil discovery proceedings in the underlying action[.]" *Christmann & Welborn v. Dep't of Energy*, 589 F. Supp. 584, 586 (N.D. Tex. 1984). Otherwise, discovery limits, privileges, and protections could be "easily circumvented." *Weber Aircraft*, 465 U.S. at 802.

*Third*, allowing Plaintiffs to subvert the discovery process by using CORA as a means to obtain records gives them an unfair advantage over the State Officials, who lack the parallel ability to submit CORA requests to Plaintiffs. Specifically, Plaintiffs will be able to "obtain discovery in excess of the limitations set by this court in the Rule 16 Scheduling Order [Doc. 45]," that it will enter "after carefully considering the proffers by the parties as to the need and the amount of discovery that [is] reasonable and necessary in order to address the merits of this case at the Scheduling Conference in light of [Rule] 1 and 16 and the Civil Justice Reform Act." Exhibit E, *Citizen Center* Order, p. ¶ 8. If required to respond to multiple, repeated CORA requests seeking unlimited records while simultaneously responding to properly issued discovery requests, the State Officials will be forced to devote significant extra resources and incur considerable "unnecessary expenses" while Plaintiffs avoid any added burden or expense beyond those associated with this Court's future discovery limits.[3] *Id.* To do so, the State Officials will have to redirect limited resources away from their defense of Plaintiffs' claims, especially if required to respond to CORA requests *and* Plaintiffs' imminent preliminary injunction motion at the same time.

And, unlike Plaintiffs, the State Officials will be forced to forgo the following procedural rights and protections available to parties when responding to properly issued discovery requests: (1) the right to have thirty days to respond to a Rule 34 request for production, as opposed to a minimum of three and maximum of ten business days to respond to a CORA request; (2) the right to object to a discovery request and withhold responsive information or documents because it is not reasonably calculated to lead to the discovery of admissible evidence; (3) the right to

---

[3] CORA caps the hourly rate that State Officials may charge for the research and retrieval of public records taking longer than one hour at $30, which is just a fraction of their actual costs to fulfill Plaintiffs' CORA requests. *See* § 24-72-205(6)(a), C.R.S. (2018).

seek a protective order under Rule 26(c) to limit access to, use of, and the later return or destruction of records containing confidential or privileged information; and (4) the right to seek a protective order under Rule 26(c) if responding to a discovery request will expose the party to "annoyance, embarrassment, oppression, or undue burden or expense[.]" Such a result would be fundamentally unfair. It also would ignore the fact that "[t]he word "administered" was added to Rule 1 in 1993 to indicate the affirmative duty of courts to exercise the authority conferred upon them by the Rules in ensuring that civil litigation is resolved not only fairly, but also without undue cost or delay." Exhibit E, *Citizen Center* Order, ¶ 8

Finally, even if this Court prohibits Plaintiffs and their counsel of record from using CORA to supplant or supplement the discovery process, that alone will not solve the problem. Any person acting in concert with or for the benefit of Plaintiffs will be free to issue CORA requests to the State Officials for records related to the facts, claims, and defenses disputed here, and then provide responsive records obtained to Plaintiffs for their use in this litigation. This would result in the same inequities discussed above, and fairness dictates that Plaintiffs not be permitted to rely on individuals who are not subject to this Court's jurisdiction to do for them what this Court has prohibited them from doing. For this reason, the State Officials respectfully request that this Court also prohibit Plaintiffs from using any records obtained through any third-party open records request for any purpose in this litigation.

## CONCLUSION

Nothing in CORA bars a federal court from establishing and enforcing discovery limits, and Plaintiffs voluntarily subjected themselves to this Court's jurisdiction over and control of the discovery process by initiating this lawsuit. Records to support Plaintiffs' claims or overcome the State Officials' defenses must be obtained through discovery rather than through CORA requests

that this Court cannot monitor or control. The State Officials respectfully request that this Court

issue an order prohibiting Plaintiffs from (1) using open records laws, including but not limited

to CORA, to circumvent or supplement the discovery process, and (2) using any records obtained

through any third-party open records request for any purpose in this litigation.

DATED: October 19, 2018.

CYNTHIA H. COFFMAN
Attorney General


*s/ LeeAnn Morrill*
LEEANN MORRILL*
First Assistant Attorney General
VINCENT MORSCHER*
Senior Assistant Attorney General
GRANT T. SULLIVAN*
Assistant Solicitor General
JACQUELYNN RICH FREDERICKS*
Assistant Attorney General
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
*Counsel of Record
*Attorneys for Defendants*

10

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 19, 2018, I served a true and complete copy of the foregoing **STATE OFFICIALS' MOTION FOR ORDER PROHIBITING PLAINTIFFS' USE OF OPEN RECORDS LAWS TO CIRCUMVENT DISCOVERY** upon all counsel of record and parties who have appeared in this matter through ECF or as otherwise indicated below:

  Kristen K. Waggoner
  James A. Campbell
  Jonathan A. Scruggs
  Jacob P. Warner
  Katherine L. Anderson
  ALLIANCE DEFENDING FREEDOM
  15100 N. 90th Street
  Scottsdale, AZ 85260
  kwaggoner@ADFlegal.org
  jcampbell@ADFlegal.org
  jscruggs@ADFlegal.org
  jwarner@ADFlegal.org
  kanderson@ADFlegal.org


  David A. Cortman
  ALLIANCE DEFENDING FREEDOM
  1000 Hurricane Shoals Road NE
  Suite D-1100
  Lawrenceville, GA 30043
  dcortman@ADFlegal.org

  Nicolle H. Martin
  7175 W. Jefferson Avenue
  Suite 4000
  Lakewood, CO 80235
  nicollem@comcast.net

          *s/ LeeAnn Morrill*
          LeeAnn Morrill