**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02074-WYD-STV


MASTERPIECE CAKESHOP INCORPORATED,
a Colorado corporation; and
JACK PHILLIPS,

     *Plaintiffs*,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in
her official capacity;
ANTHONY ARAGON, as member of the Colorado Civil Rights
Commission, in his official capacity;
MIGUEL "MICHAEL" RENE ELIAS, as member of the Colorado
Civil Rights Commission, in his official capacity;
CAROL FABRIZIO, as member of the Colorado Civil Rights
Commission, in her official capacity;
CHARLES GARCIA, as member of the Colorado Civil Rights
Commission, in his official capacity;
RITA LEWIS, as member of the Colorado Civil Rights Commission,
in her official capacity;
JESSICA POCOCK, as member of the Colorado Civil Rights
Commission, in her official capacity;
AJAY MENON, as member of the Colorado Civil Rights
Commission, in his official capacity; and
CYNTHIA H. COFFMAN, Colorado Attorney General, in her official
capacity,

     *Defendants*.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL
AND PRO SE PARTIES**

Date of Conference: January 15, 2019.

Appearing for Plaintiffs: James A. Campbell and Jacob P. Warner, Alliance Defending Freedom, 15100 N. 90th Street, Scottsdale, AZ 85260, 480-444-0020.

Appearing for Defendants: Assistant Solicitor General Grant T. Sullivan, Senior Assistant Attorney General Vincent E. Morscher, and Senior Assistant Attorney General Jacquelynn Rich Fredericks, Colorado Department of Law, 1300 Broadway, Denver, CO 80203.

## 2. STATEMENT OF JURISDICTION

**Plaintiffs:** This case raises federal questions under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

**Defendants:** Defendants maintain that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as set forth in their motion to dismiss, ECF No. 64, but recognize that the Court has denied those portions of their motion after accepting the First Verified Amended Complaint's allegations as true. *See* ECF No. 94. Defendants reserve their right to reassert these and other jurisdictional defenses based on information obtained in discovery or at hearing or trial.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiffs:** Plaintiffs claim that Defendants have violated and continue to violate their rights under the First and Fourteenth Amendments to the United States Constitution. Defendants interpret the Colorado Anti-Discrimination Act, §§ 24-34-301 to –804, C.R.S. (2018) ("CADA"), to (1) force Plaintiffs (but not others like them) to create custom cakes expressing messages that violate their deepest beliefs and (2) ban Plaintiffs from publishing speech explaining the messages that they will not express

through their custom cakes and the religious reasons why. CADA's publication bans also contain vague and overbroad language that is facially unconstitutional. And Defendants subject Plaintiffs to a biased and unfair administrative process. For these reasons, portions of CADA and Defendants' application of CADA to Plaintiffs violate Plaintiffs' rights—including their rights to free speech, free exercise of religion, due process, and equal protection—under the First and Fourteenth Amendments.

**Defendants:** Recognizing that this Court has ruled otherwise when partially denying the motion to dismiss after accepting as true the allegations in the First Verified Amended Complaint, ECF No. 94, Defendants respectfully maintain that the Court lacks subject matter jurisdiction under Rule 12(b)(1) for at least two reasons. *First*, there is an ongoing civil enforcement proceeding by the Colorado Civil Rights Commission (collectively, the "Commission" or "Commissioners") to decide a 2017 discrimination charge alleging that Plaintiffs violated CADA. As a result, this Court must abstain from exercising jurisdiction over Plaintiffs' claims for equitable relief here based on the doctrine articulated in *Younger v. Harris*. Although the First Amended Verified Complaint contains mere allegations of bad faith on the part of the Defendants, Plaintiffs failed to provide any actual evidence of bad faith on their part sufficient to establish the bad faith exception to *Younger* abstention. Additionally, the exceptional circumstances exception to *Younger* abstention does not apply. Therefore, this Court must abstain from considering and deciding any of Plaintiffs' claims for equitable relief.

*Second*, Plaintiffs' claims for equitable relief against the Attorney General are barred by Eleventh Amendment immunity due to the lack of any discretionary personal participation in the civil enforcement action related to the 2017 discrimination charge.[1]

Even if this Court possesses subject matter jurisdiction, Plaintiffs fail to state a claim as a matter of law. Specifically, the Division Director and Commission's interpretation and enforcement of section 24-34-601(2)(a) of CADA, which prohibits discrimination in places of public accommodation, comports with the First Amendment and does not violate Plaintiffs' free exercise rights under any as-applied theory, or their free speech rights under any as-applied or facial theory. The Division Director and Commission's interpretation and enforcement of section 24-34-601(2)(a) and the selection criteria for new Commissioners in section 24-34-303(1)(b)(I)-(III) likewise comport with the Fourteenth Amendment and do not violate Plaintiffs' due process rights under any as-applied or facial theory. Finally, the Division Director and Commission's interpretation and enforcement of section 24-34-601(2)(a) does not violate Plaintiffs' Fourteenth Amendment equal protection rights under any as-applied theory.

## 4. UNDISPUTED FACTS

Given that the Court recently decided Defendants' motion to dismiss and Defendants have not yet answered the First Amended Verified Complaint, the parties have not yet agreed upon stipulated facts. The parties will explore stipulating to facts after the Defendants have filed their answer.

---

[1] This Court previously ruled that Defendants are immune from Plaintiffs' claims for damages and that the Eleventh Amendment bars claims against the Governor. ECF No. 94.

## 5. COMPUTATION OF DAMAGES

Plaintiffs seek injunctive and declaratory relief to restore their constitutional freedoms. The Court dismissed Plaintiffs' claims for monetary relief in its January 4, 2019 order ruling on Defendant's Rule 12(b)(1) motion to dismiss.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.

The Rule 26(f) meeting occurred during emails exchanged on and before January 8, 2019.

b.      Names of each participant and party he/she represented.

James A. Campbell on behalf of Plaintiffs. LeeAnn Morrill, Grant T. Sullivan, Vincent E. Morscher, and Jacquelynn Rich Fredericks on behalf of Defendants.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The Court stayed the Rule 26(a)(1) disclosures deadline in its November 20, 2018 minute order. ECF No. 79.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**Plaintiffs:** Plaintiffs propose that initial disclosures under Fed. R. Civ. P. 26(a)(1) be exchanged by January 22, 2019.

**Defendants:** Defendants propose that initial disclosures under Fed. R. Civ. P. 26(a)(1) be exchanged no sooner than 14 days after the conclusion of the hearing on Plaintiffs' amended motion for preliminary injunction.

e.      Statement concerning any agreements to conduct informal discovery.

None.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

None.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Because the Court recently entered its order concerning Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1), Defendants have not yet answered the Complaint, and discovery has not commenced, the parties are uncertain whether discovery will involve extensive electronically stored information. The parties agree to preserve and maintain all electronic records, including emails and other electronic documents, in their current form. The parties anticipate that any electronic records produced in response to discovery requests will be saved on a CD or flash drive for transmittal to opposing counsel.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties do not believe that a settlement conference or other form of alternative dispute resolution will be productive at this time.

## 7. CONSENT

All parties      □ [have]      **X** [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**Plaintiffs:** Standard limitations in the Rules of Civil Procedure should apply.

**Defendants:** Standard limitations in the Rules of Civil Procedure should apply, except that, consistent with Fed. R. Civ. P. Rule 1's requirement of securing a just, speedy, and inexpensive determination, the limitations should be imposed *per side.* This is necessary as there are presently nine defendants and only two plaintiffs, and because the per party limits would unnecessarily multiple the discovery costs in this case.

b.      Limitations which any party proposes on the length of depositions.

None. Per Fed. R. Civ. P. 30(d)(1), each deposition will be limited to one (1) day of seven (7) hours.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Plaintiffs:** Standard limitations in the Rules of Civil Procedure should apply.

**Defendants:** Standard limitations in the Rules of Civil Procedure should apply, except that, consistent with Fed. R. Civ. P. Rule 1's requirement of securing a just, speedy, and inexpensive determination, the limitations should be imposed *per side.* This is necessary as there are presently nine defendants and only two plaintiffs, and

because the per party limits would unnecessarily multiple the discovery costs in this case.

  d.  Other Planning or Discovery Orders.

  **Plaintiffs:** During the December 18, 2018 hearing before Judge Daniel, he gave Plaintiffs permission to file an amended motion for preliminary injunction, and they plan to do that. Judge Daniel has asked the parties to propose a briefing and hearing schedule in connection with that motion and to submit that proposal by January 11, 2019. Plaintiffs plan to propose that (1) they file their renewed motion for preliminary injunction by January 18, 2019, (2) Defendants file their response to that motion by February 1, 2019, (3) Plaintiffs file their reply by February 8, 2019, and (4) an evidentiary hearing on that motion, which is not expected to last longer than two (2) days, be set for the week of February 25, 2019.

  As contemplated at the December 18, 2018 hearing before Judge Daniel, Plaintiffs ask that the Court allow expedited discovery before the hearing on the amended motion for preliminary injunction. In particular, Plaintiffs ask that the Court allow both sides to designate and serve up to five (5) requests for production of documents and five (5) interrogatories that must be responded to within fifteen (15) days of service. Plaintiffs also ask that the Court allow each side to depose any individual that the other side intends to call as a witness at the evidentiary hearing on Plaintiffs' amended motion for preliminary injunction and up to three (3) other individuals, and that all such depositions occur at least ten (10) days before that hearing. While these requests for production of documents, interrogatories, and

depositions would count against any discovery limits set by the Court, they do not restrict the parties' ability to simultaneously conduct other discovery.

Plaintiffs disagree with the limitations on the scope of expedited discovery that Defendants propose below. Before any of them are imposed, Plaintiffs request the opportunity to explain to the Court why they are improper and prejudicial.

**Defendants:** Regarding the briefing schedule on Plaintiffs' amended motion for preliminary injunction, Defendants propose that (1) Plaintiffs file their renewed motion for preliminary injunction by January 18, 2019, (2) Defendants file their response to that motion by February 8, 2019, (3) Plaintiffs file their reply by February 15, 2019, and (4) an evidentiary hearing on that motion, which is not expected to last longer than two (2) days, be set for the week of March 11, 2019.

Defendants object to limited expedited discovery in the absence of a proper motion under Fed. R. Civ. P. 26(d), setting forth the reasons and need for such discovery. Defendants reserve the right to respond to any such motion. Alternatively, the Court should require Plaintiffs to establish at a motions hearing their need for expedited limited discovery outside of the presumptive limits and sequence of the Rules of Civil Procedure, and to take oral argument from both sides.

Without waiving said objection, in the event the Court is inclined to grant limited expedited discovery, Defendants propose that any limited expedited discovery be limited, reciprocal, and bilaterally conducted. Defendants propose that the Court allow both sides to designate and serve up to five (5) requests for production of documents, inclusive of all sub-parts, that must be responded to within twenty-one (21) days of service. Defendants propose that no interrogatories, requests of admission, or

depositions on written questions be permitted during the limited expedited discovery period, if any.

Regarding depositions during the limited expedited discovery window that the Court may allow, Defendants ask that the Court allow each *side* to depose up to four (4) deponents, inclusive of any Fed. R. Civ. P. 30(b)(6) depositions of Masterpiece Cakeshop, Inc., the Colorado Civil Rights Division ("Division"), or the Commission. Defendants request that any Fed. R. Civ. P. 30(b)(6) depositions of the Division or Commission be appropriately limited to the Division and Commission's policies, procedures, and authentication of documents for each; Plaintiffs may not inquire about the mental impressions or processes of any individual Commissioner or Division employee as to any past, present, or future charges, or regarding any of their personal backgrounds or subjective beliefs about religion, gender, sexual orientation, gender transitions, or related topics. Relatedly, Defendants request that Plaintiffs be prohibited from deposing the Division Director or any Commissioner individually; if they are deposed as designees under Fed. R. Civ. P. 30(b)(6), then the above limitations should apply.

Defendants request that the Attorney General not be subject to deposition, although Plaintiffs may conduct a Fed. R. Civ. P. 30(b)(6) deposition regarding the procedures for assigning counsel for the administrative complaint, provided the designee(s) will not be required to divulge confidential attorney work product, attorney-client privileged material, or their mental impressions as prosecutors assigned to any case. Defendants propose that depositions be completed at least fourteen (14) days before the expected evidentiary hearing on Plaintiffs' amended motion for preliminary

injunction. Depending on who Plaintiffs notice for deposition, Defendants anticipate that it may be necessary to brief or argue procedural and substantive issues on an expedited basis to complete the contemplated expedited discovery schedule before the hearing on Plaintiffs' amended motion for preliminary injunction, and it may be necessary to hold the depositions at the federal courthouse in Denver when the Court is available to resolve objections.

Defendants propose that, although the requests for production of documents and depositions conducted during the expedited discovery period should count against the overall discovery limits set by the Court, no other discovery should be allowed to commence until after the preliminary injunction hearing is completed and the parties' initial disclosures have been made.

Consistent with Fed. R. Civ. P. 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure [a] just, speedy, and inexpensive determination," Defendants request that the discovery sought during the expedited discovery period, to the extent any is allowed, be appropriately tailored and limited to information relevant to this case only. Accordingly, Defendants request that the Court limit Plaintiffs to seeking discovery from Defendants only as it relates to events occurring after the June 4, 2018 announcement of *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719 (2018) ("*Masterpiece I*"), in which the Court found that the Commission had not acted neutrally towards Plaintiffs in handling a separate charge. Events occurring pre-June 4, 2018, before the Commission had the benefit of *Masterpiece I*, are not relevant to the claims and defenses at issue here.

Finally, recognizing that Magistrate Judge Varholak previously ruled that the Colorado Open Records Act, §§ 27-72-200.1, et seq., C.R.S. (2018) ("CORA") should remain available to Plaintiffs during this case and that Defendants have filed an objection with the district court judge, Defendants respectfully request that the Court enter an order (1) prohibiting Plaintiffs, their counsel, and all others working in concert with Plaintiffs and/or their counsel from utilizing the CORA to obtain records related to any facts, claims, or defenses at issue in this case from the Defendants, and any other agency, department, official, employee, or agent of the State of Colorado during the pendency of Case No. 1:18-cv-02074; and (2) stating that Defendants are not required to respond to any CORA request for records related to any facts, claims, or defenses at issue in Case No. 1:18-cv-02074 received from Plaintiffs, their counsel of record, or any others working in concert with Plaintiffs and/or their counsel of record on or after August 14, 2018, including without limitation the requests dated August 29, August 30, and November 21, 2018, that were issued by Barry K. Arrington of the Arrington Law Firm. Because discovery is now progressing forward, circumstances have changed that now render it appropriate for the Court to manage the parties' exchange of information through discovery only, not CORA.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: March 15, 2019.

b.      Discovery Cut-off:

**Plaintiffs:** Plaintiffs propose that the discovery period open on January 16, 2019, and run for 154 days.

**Defendants:** Defendants propose that formal discovery—separate and apart from any limited expedited discovery that may be allowed—commence 14 days after the conclusion of the hearing on Plaintiffs' amended motion for preliminary injunction, and run for 154 days.

c.      Dispositive Motion Deadline:

The parties propose that any dispositive motions be filed no later than 35 days following the close of discovery.

d.      Expert Witness Disclosure:

1.      The parties shall identify anticipated fields of expert testimony, if any.

None.

2.      Limitations which the parties propose on the use or number of expert witnesses.

The parties do not expect to need expert witnesses. Should the need arise, the parties propose that no more than one (1) expert witness per side be allowed.

3.      If needed, the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ninety-one (91) days before the discovery cut-off date.

4.      If needed, the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in

Fed. R. Civ. P. 26(a)(2) on or before thirty-five (35) days before the discovery cut-off date.

e.      Identification of Persons to Be Deposed:

**Plaintiffs:** Plaintiffs anticipate that depositions may be needed of the following witnesses:

- Aubrey Elenis

- Anthony Aragon

- Miguel "Michael" Rene Elias

- Carol Fabrizio

- Charles Garcia

- Rita Lewis

- Jessica Pocock

- Ajay Menon

- A Rule 30(b)(6) deposition of the Colorado Civil Rights Division

- A Rule 30(b)(6) deposition of the Colorado Civil Rights Commission

- Any other individuals, particularly employees, representatives, or agents of the Division or Commission, identified during discovery as having relevant information

- Any additional witness identified during discovery or designated to testify at trial

**Defendants:** Defendants anticipate that depositions may be needed of the following witnesses:

- Aubrey Elenis and/or a Rule 30(b)(6) deposition of the Division

- Anthony Aragon and/or a Rule 30(b)(6) deposition of the Commission

- Jack Phillips

- A Rule 30(b)(6) deposition of Masterpiece Cakeshop Incorporated

- Debi Phillips

- Lisa Eldfrick

- Autumn Scardina

- Any additional lay or expert witness identified during discovery or designated to testify at trial

f.      Deadline for Interrogatories:

The parties propose that Interrogatories must be served no later than 35 days before the discovery cut-off.

g.      Deadline for Requests for Production of Documents and/or Admissions:

The parties propose that Requests for Production of Documents and/or Admissions must be served no later than 35 days before the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

A final pretrial conference will be held in this case sixty (60) days after the Court rules on any parties' motion for summary judgment. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

**Plaintiffs:** The parties disagree as to the limitations on interrogatories, requests for production of documents, and requests for admissions.

The parties disagree over whether, when, and to what extent limited expedited discovery should be permitted in advance of the upcoming hearing on Plaintiffs' amended motion for preliminary injunction.

Plaintiffs should not be prohibited from seeking information about the subjective views or thoughts of the Division Director or Commissioners because that information is relevant to their claims.

Plaintiffs do not lose their right to access public records under CORA—a right available to all citizens in the state—simply because they have filed this lawsuit.

**Defendants:** The default limitations on interrogatories, requests for production, and requests for admission should be modified so that the limitations are imposed *per side*, not per party. There are currently nine defendants and only two plaintiffs. The default "per party" limits would unnecessarily multiply the discovery in and cost of this case, contrary to Rule 1's requirement of securing a just, speedy, and inexpensive determination. Such a result is especially untenable where, as here, the parties agree that this case primarily involves disputed questions of law.

The parties disagree over whether limited expedited discovery should be permitted in advance of the upcoming hearing on Plaintiffs' amended motion for preliminary injunction, as well as the scope and timing of such discovery. *See* Discovery Limitations, § 8.d, *supra*.

Plaintiffs should not be permitted to depose the Attorney General because they cannot identify any subject or knowledge that is uniquely possessed by this Defendant.

He is a high ranking government official, not subject to deposition and furthermore any knowledge the Attorney General does have would be attorney-client privileged and work-product. Any information sought by Plaintiffs can be obtained through other means, such as a Rule 30(b)(6) deposition of the Division or Commission. *See id.*

Plaintiffs should not be permitted to inquire into the mental processes or subjective beliefs of the Division Director or Commissioners. *See id.*

Plaintiffs and persons acting in concert with Plaintiffs should not be permitted to utilize CORA to circumvent this Court's discovery limits during the pendency of this case. *See* ECF Nos. 46, 85.

b.      Anticipated length of trial and whether trial is to the court or jury.

**Plaintiffs:** Plaintiffs anticipate that trial will take no more than four days and will be a bench trial.

**Defendants:** Defendants anticipate that trial will take no more than three days and will be a bench trial.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that this Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of January, 2019.

BY THE COURT:

_____
United States Magistrate Judge
Scott T. Varholak

APPROVED:

*s/ James A. Campbell*
James A. Campbell
(Arizona Bar No. 026737)

*s/ Grant T. Sullivan*
LeeAnn Morrill
Acting Deputy Attorney General

18

Roger G. Brooks
(North Carolina Bar No. 16317)
Jacob P. Warner
(Arizona Bar No. 033894)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)

*Attorneys for Plaintiffs*

Vincent Morscher
Senior Assistant Attorney General
Grant T. Sullivan
Assistant Solicitor General
Jacquelynn Rich Fredericks
Senior Assistant Attorney General
State Services Section
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2019, I electronically filed the foregoing SCHEDULING ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

LeeAnn Morrill
First Assistant Attorney General
Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6159
Facsimile: (720) 508-6041
leeann.morrill@coag.gov

Grant T. Sullivan
Assistant Solicitor General
Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6349
Facsimile: (720) 508-6041
grant.sullivan@coag.gov

Vincent E. Morscher
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6588
Facsimile: (720) 508-6032
vincent.morscher@coag.gov

Jacquelynn Rich Fredericks
Senior Assistant Attorney General
Higher Education Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203

_s/ James A. Campbell_
James A. Campbell (Arizona Bar No. 026737)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
jcampbell@adflegal.org