**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:18-cv-02074-WYD-STV

MASTERPIECE CAKESHOP INCORPORATED, a Colorado
corporation, *et al.*,

    *Plaintiffs*,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in her
official capacity, *et al.*,

    *Defendants*.

---

**STATE OFFICIALS' MOTION FOR LIMITED
EXPEDITED RECIPROCAL DISCOVERY**

---

Defendants, collectively referred to as the State Officials, respectfully move under Fed.R.Civ.P. ("Rule") 26(d)(1) for leave to conduct limited expedited reciprocal discovery in advance of the yet-to-be scheduled evidentiary hearing on Plaintiffs' yet-to-be filed amended motion for preliminary injunction. As grounds, the State Officials state:

**D.C. COLO.LCivR 7.1(A) CERTIFICATION**

Counsel for the State Officials conferred with counsel for Plaintiffs who indicated that they oppose this motion because it is their "position that the parties do not need to file motions justifying discovery requests now that the defendants' motion to dismiss the case has been denied."

## BACKGROUND

At a motions hearing on December 18, 2018, the Court denied Plaintiffs' motion for preliminary injunction [ECF 57] without prejudice because it sought all of the relief that Plaintiffs could obtain if they ultimately prevail on the merits of their equitable claims against the State Officials. The Court ordered Plaintiffs to file an amended motion for preliminary injunction and the parties' counsel to propose a briefing schedule for such motion, dates for an evidentiary hearing on such motion, and the amount of time needed for the hearing. Doc. 90.

On January 11, 2019, the parties submitted a joint report in compliance with the Court's Order [Doc. 96], in which each side proposed that Plaintiffs file an amended motion for preliminary injunction by January 18, 2019 and, depending on whether certain events obtain, that a two-day evidentiary hearing commence on March 11, 2019. If these proposed dates are approved by the Court, the State Officials propose that the window for conducting limited expedited discovery related only to Plaintiffs' narrowed request for preliminary relief and the State Officials' defenses to same open on January 19, 2019, and close on February 22, 2019. Doc. 96. The State Officials hereby request leave to serve five (5) early Rule 34 document production requests, inclusive of all sub-parts, to be responded to within twenty-one (21) days of service, and to take four (4) early depositions under Rule 30, inclusive of any depositions under Rule 30(b)(6), that must be completed at least fourteen (14) days before the evidentiary hearing on Plaintiffs' amended motion. These requests are in total, not per Plaintiff, and the State Officials do not oppose allowing Plaintiffs to conduct reciprocal discovery subject to the same per-side limitations and expedited schedule.

In the State Officials' view, the purpose of such discovery is to test the allegations in the First Amended Verified Complaint [Doc. 51] as they relate to only the narrowed claim(s) for relief asserted in Plaintiffs' amended motion for preliminary injunction, as well as to any of the State Officials' defenses to the same. Due to Plaintiffs not yet having filed an amended motion, the State Officials can only speculate that they may seek, without limitation, documents related to the bakery's past denials of service for made-to-order baked goods, past offers to provide alternative baked goods to customers whom it has denied made-to-order baked goods, and its policies and procedures for accepting or denying requests for made-to-order baked goods. They also may seek, without limitation, to depose Plaintiffs, Debi Phillips (the bakery's co-owner), and Lisa Eldfrick (a bakery employee).

The State Officials request that this Court order the parties to: (1) file their exact document production requests and a list identifying any intended deponents, including any Rule 30(b)(6) deposition topics, along with legal argument not to exceed seven (7) pages explaining why the discovery sought is narrowly tailored to support or oppose the amended motion for preliminary relief and legally discoverable by January 21, 2019; and (2) file any legal argument not to exceed seven (7) pages explaining why the discovery sought by the other side is not narrowly tailored and/or legally discoverable by January 23, 2019. The State Officials further request that the Court issue an order expressly approving or disapproving the limited expedited discovery sought by each side by January 25, 2019.

## ARGUMENT

Under Rule 26(d), the parties may not seek discovery from any source until after they have conferred as required by Rule 26(f) unless they first obtain leave of Court. Here, the parties

engaged in a Rule 26(f) conferral before filing their original joint Proposed Scheduling Order on October 17, 2018 [Doc. 45]. But thereafter all disclosures and discovery were stayed by Court Order [Docs. 48 and 79], and the stay has not yet been lifted. And even if the stay is lifted at the scheduling conference set for January 15, 2019 [Doc. 91], Plaintiffs have not yet filed an amended motion for preliminary injunction and likely will not do so until January 18, 2019 at the earliest.

"The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citing Fed.R.Civ.P. 26(b)(2) and 26(d)). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause[,]" which "may be satisfied where a party seeks a preliminary injunction[.]" *Id.* (citations omitted). "Thus, on a showing of good cause, the Court may authorize expedited, limited discovery 'narrowly tailored to seek information necessary to support expedited or preliminary relief.'" *Advanced Career Techs., Inc. v. Does 1-10*, No. 13-CV-00304-WJM-KLM, 2013 WL 1934005, at *1 (D. Colo. Mar. 11, 2013) (quoting *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10–cv–03075–CMA–BNB, 2011 WL 9293, at *2 (D.Colo. Jan. 3, 2011). In applying the good cause test, a court should consider the scope of the discovery sought to ensure that it is reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing. *Qwest*, 213 F.R.D. at 420 (citation omitted).

In addition to the scope of discovery sought, the Court should also consider and decide whether the subject matter is legally discoverable. *See*, *e.g.*, *Sica v. Connecticut*, 331 F. Supp. 2d 82, 88 (D. Conn. 2004) (despite a federal plaintiff's allegations of bad faith, denying the plaintiff's Rule 26(d) request to question "through deposition, interrogatories, or otherwise" those members

of the medical board responsible for overseeing the pending licensure action, and noting that "it would be an affront to this state agency to have subjected Board members to cross-examination on issues that they will shortly be called upon to decide at the upcoming hearing."); *Grant v. Shalala*, 989 F.2d 1332, 1344 (3rd Cir.1993) ("It has long been recognized that attempts to probe the thought and decision making processes of judges and administrators are generally improper."); *United States v. Morgan*, 313 U.S. 409, 422 (1941) (questioning an administrator about the process by which a decision had been reached would undermine the administrative process).

Finally, the relief requested by this motion will ensure the parties' ability to timely conduct limited expedited reciprocal discovery in advance of the evidentiary hearing on Plaintiffs' amended motion for preliminary injunction, and avoid the need for the parties to file and the Court to decide Rule 26(c) motions for protective order and any concomitant delay that may result.

## CONCLUSION

For the above reasons, the State Officials respectfully request that this Court order the parties to: (1) file their exact document production requests and a list identifying any intended deponents, including any Rule 30(b)(6) deposition topics, along with legal argument not to exceed five (5) pages explaining why the discovery sought is narrowly tailored to support or oppose the amended motion for preliminary relief and legally discoverable by January 21, 2019; and (2) file any legal argument not to exceed five (5) pages explaining why the discovery sought by the other side is not narrowly tailored and/or legally discoverable by January 23, 2019. The State Officials further respectfully request that the Court issue an order expressly approving or disapproving the limited expedited discovery sought by each side by January 25, 2019.

DATED: January 15, 2019.

        PHILLIP J. WEISER
        Attorney General

        *s/ Grant T. Sullivan*
        Grant T. Sullivan\*
        Assistant Solicitor General
        Vincent E. Morscher\*
        Senior Assistant Attorney General
        Jacquelynn Rich Fredericks\*
        Senior Assistant Attorney General
        1300 Broadway, 6th Floor
        Denver, Colorado 80203
        Telephone: (720) 508-6000
        Facsimile: (720) 508-6041
        grant.sullivan@coag.gov
        vincent.morscher@coag.gov
        jacquelynn.richfredericks@coag.gov
        *Counsel for the State Officials*
        \*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Kristen K. Waggoner
James A. Campbell
Jonathan A. Scruggs
Jacob P. Warner
Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
kwaggoner@ADFlegal.org
jcampbell@ADFlegal.org
jscruggs@ADFlegal.org
jwarner@ADFlegal.org
kanderson@ADFlegal.org

David A. Cortman
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE
Suite D-1100
Lawrenceville, GA 30043
dcortman@ADFlegal.org

Nicolle H. Martin
7175 W. Jefferson Avenue
Suite 4000
Lakewood, CO 80235
nicollem@comcast.net

*s/ Terri Connell*
Terri Connell