IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02074-WYD-STV

MASTERPIECE CAKESHOP INCORPORATED, a Colorado corporation, *et al.*,

     Plaintiffs,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in her official
capacity, *et al.*,

     Defendants.

---

## ANSWER AND OBJECTIONS TO FIRST AMENDED VERIFIED COMPLAINT

---

Defendants (collectively, the "State Officials") answer and object to the First

Amended Verified Complaint [Doc. 51] as follows.

## <u>Introduction</u>

1.     With respect to the allegations in paragraph 1, the State Officials

admit that the U.S. Supreme Court reversed the Commission's Order in *Masterpiece

Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S.Ct. 1719 (2018)

("*Masterpiece I*"). The State Officials deny the remaining allegations in paragraph 1.

2.     The State Officials admit the first sentence in paragraph 2. The State

Officials lack information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 2 and therefore the State Officials deny them.

3.     The State Officials admit the first sentence in paragraph 3. The State

Officials deny the remaining allegations in paragraph 3.

4.      The State Officials deny the allegations in the first two sentences of paragraph 4. The State Officials lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore the State Officials deny them.

5.      With respect to the allegations in paragraph 5, the State Officials admit that the U.S. Supreme Court reversed the Commission's Order in a 7-2 decision in *Masterpiece I*. With respect to the remaining allegations in paragraph 5, the *Masterpiece I* decision is a legal opinion that speaks for itself.

6.      The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore the State Officials deny them.

7.      The State Officials lack information sufficient to form a belief as to the truth of the allegations the first sentence of paragraph 7 and therefore deny them. The State Officials affirmatively state that the Br. For Resp't Colo. Civil Rights Comm'n at 35, *Masterpiece I*, 138 S. Ct. 1719 (2018) (No. 16-111) (U.S. Oct. 23, 2017) is a writing that speaks for itself. The State Officials deny the remaining of the allegations in paragraph 7.

8.      The State Officials deny the allegations in paragraph 8.

## Jurisdiction and Venue

9.      The State Officials deny the allegations in paragraph 9. The State Officials affirmatively state that Plaintiffs are unable to overcome the Court's mandatory abstention pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

10.     The State Officials deny the allegations in paragraph 10.

11.     The State Officials deny the allegations in paragraph 11.

12.     The State Officials admit the allegations in paragraph 12.

13.     The State Officials admit the allegations in paragraph 13.

### Plaintiffs

14.     The State Officials admit the allegations in paragraph 14.

15.     The State Officials admit the allegations in paragraph 15.

16.     The State Officials admit the allegations in paragraph 16.

17.     The State Officials admit the allegations in paragraph 17.

18.     The State Officials admit the allegations in paragraph 18.

### Defendants

19.     The State Officials admit that Aubrey Elenis is the Director of the Colorado Civil Rights Division. The remaining allegations in paragraph 19 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 19.

20.     The State Officials admit that the Division Director is sued in her official capacity. The Division Director was dismissed in her individual capacity to this action [Doc. 94]. Therefore, no response is required.

21.     The State Officials admit that Anthony Aragon, Miguel "Michael" Rene Elias, Carol Fabrizio, Charles Garcia, Rita Lewis, Jessica Pocock, and Ajay Menon are members of the Colorado Civil Rights Commission. The remaining allegations in paragraph 21 call for a legal conclusion to which no response is required; to the

extent a response is required, the State Officials deny the allegations in paragraph 21.

22.     The State Officials admit that the Commissioners are sued in their official capacities. The Commissioners were dismissed in their individual capacities to this action [Doc. 94]. Therefore, no response is required.

23.     The allegations in paragraph 23 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 23.

24.     The State Officials admit the allegations in paragraph 24.

25.     The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required.

26.     The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required.

27.     The State Officials admit the allegations in paragraph 27.

## Statement of Facts

28.     With respect to the allegations in paragraph 28, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself.

29.     With respect to the allegations in paragraph 29, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-301(5)(a) is a writing that speaks for itself.

30.     With respect to the allegations in paragraph 30, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(1) is a writing that speaks for itself.

31.     The State Officials admit the allegation in paragraph 31.

32.     With respect to the allegations in paragraph 32, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-301(7) is a writing that speaks for itself.

33.     The State Officials deny the allegation in paragraph 33.

34.     The State Officials admit the allegations in the first and last sentences of paragraph 34. With respect to the remaining allegations in paragraph 34, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(1) is a writing that speaks for itself.

35.     The State Officials admit the allegation in the first sentence of paragraph 35 only to the extent that it is defined in Colo. Rev. Stat. § 24-34-601(2)(a). With respect to the remaining allegations in paragraph 35, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself.

36.     The State Officials admit that Colo. Rev. Stat. § 24-34-302(1) created the Colorado Civil Rights Division ("Division"). The State Officials deny the remaining allegations in paragraph 36.

37.     The State Officials admit that Colo. Rev. Stat. § 24-34-302(1) states that the Division Director shall be appointed by the executive director of the

department of regulatory agencies. The State Officials deny the remaining allegations in paragraph 37.

38.     With respect to the allegations in paragraph 38, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-302(1) is a writing that speaks for itself.

39.     With respect to the allegations in paragraph 39, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-302(2) is a writing that speaks for itself.

40.     With respect to the allegations in paragraph 40, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-302(2) is a writing that speaks for itself.

41.     The State Officials admit that Colo. Rev. Stat. § 24-34-303(1)(a) states that the Colorado Civil Rights Commission ("Commission") is created within the Division. The State Officials deny the remaining allegations in paragraph 41.

42.     With respect to the allegations in paragraph 42, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(I) is a writing that speaks for itself.

43.     With respect to the allegations in paragraph 43, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-305(1)(a) is a writing that speaks for itself.

44. With respect to the allegations in paragraph 44, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-305(1)(c)(I) is a writing that speaks for itself.

45. With respect to the allegations in paragraph 45, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-305(1)(d)(1) is a writing that speaks for itself.

46. With respect to the allegations in paragraph 46, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(1)(a)-(b) is a writing that speaks for itself.

47. With respect to the allegations in paragraph 47, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(1)(c) is a writing that speaks for itself.

48. With respect to the allegations in paragraph 48, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(2)(a) is a writing that speaks for itself.

49. With respect to the allegations in paragraph 49, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(2)(a) is a writing that speaks for itself.

50. With respect to the allegations in paragraph 50, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(2)(b) is a writing that speaks for itself.

51.     With respect to the allegations in paragraph 51, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-305(3) is a writing that speaks for itself.

52.     With respect to the allegations in paragraph 52, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(2)(b)(II) is a writing that speaks for itself.

53.     With respect to the allegations in paragraph 53, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(2)(b)(II) is a writing that speaks for itself.

54.     With respect to the allegations in paragraph 54, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(2)(b)(II) is a writing that speaks for itself.

55.     With respect to the allegations in paragraph 55, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(4) is a writing that speaks for itself.

56.     With respect to the allegations in paragraph 56, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(4) is a writing that speaks for itself.

57.     With respect to the allegations in paragraph 57, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-305(3) is a writing that speaks for itself.

58.     With respect to the allegations in paragraph 58, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(8) is a writing that speaks for itself.

59.     With respect to the allegations in paragraph 59, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(9) is a writing that speaks for itself.

60.     The State Officials deny the allegations in paragraph 60.

61.     With respect to the allegations in paragraph 61, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-307(1)-(3) is a writing that speaks for itself.

62.     With respect to the allegations in paragraph 62, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-307(6) is a writing that speaks for itself.

63.     The State Officials deny the allegations in paragraph 63.

64.     With respect to the allegations in paragraph 64, the State Officials affirmatively state that the Br. for Resp't Colo. Civil Rights Comm'n in *Masterpiece I*, 138 S. Ct. 1719 (2018) (No. 16-111) (U.S. Oct. 23, 2017) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 64.

65.     The State Officials deny the allegations in paragraph 65.

66.     The State Officials admit that Commissioner Menon was not a member of the Commission when the Commission filed the Br. for Resp't Colo. Civil Rights

Comm'n in *Masterpiece I*, 138 S. Ct. 1719 (2018) (No. 16-111) (U.S. Oct. 23, 2017). The State Officials deny the remaining allegations in paragraph 66.

67.    With respect to the allegations in paragraph 67, the State Officials affirmatively state that the Br. for Resp't Colo. Civil Rights Comm'n in *Masterpiece I*, 138 S. Ct. 1719 (2018) (No. 16-111) (U.S. Oct. 23, 2017) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 67.

68.    With respect to the allegations in paragraph 68, the State Officials affirmatively state that the Br. for Resp't Colo. Civil Rights Comm'n in *Masterpiece I*, 138 S. Ct. 1719 (2018) (No. 16-111) (U.S. Oct. 23, 2017) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 68.

69.    With respect to the allegations in paragraph 69, the State Officials affirmatively state that the Br. for Resp't Colo. Civil Rights Comm'n in *Masterpiece I*, 138 S. Ct. 1719 (2018) (No. 16-111) (U.S. Oct. 23, 2017) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 69.

70.    The State Officials deny the allegations in paragraph 70.

71.    The State Officials deny the allegations in paragraph 71.

72.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore deny them.

73.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore deny them.

74.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny them.

75.    The State Officials admit the allegations in paragraph 75.

76.    With respect to the allegations in paragraph 76, the State Officials affirmatively state that 3 Colo. Code Regs. 708-1:10.2(H) is a writing that speaks for itself.

77.    With respect to the allegations in paragraph 77, the State Officials admit that no probable cause was found in each of the three charges of discrimination filed by William Jack. The State Officials deny the remaining allegations in paragraph 77.

78.    With respect to the allegations in paragraph 78, the State Officials affirmatively state that the letters of determination in *Jack v. Gateaux, Ltd.*, Charge No. P20140071X, at 4 (Colo. Civil Rights Div. Mar. 24, 2015), *Jack v. Le Bakery Sensual, Inc.*, Charge No. P20140070X, at 4 (Colo. Civil Rights Div. Mar. 24, 2015), and *Jack v. Azucar Bakery*, Charge No. P20140069X, at 4 (Colo. Civil Rights Div. Mar. 24, 2015) are writings that speak for themselves.

79.    The State Officials deny the allegations in paragraph 79.

80.    The State Officials deny the allegations in paragraph 80.

81.    The State Officials deny the allegations in paragraph 81.

82.    The State Officials admit the allegations in paragraph 82.

83.    The State Officials admit the allegations in paragraph 83.

84.    The State Officials admit the allegations in paragraph 84.

85.    The State Officials admit the allegations in paragraph 85.

86.    The State Officials admit the allegations in paragraph 86.

87.     State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny them.

88.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny them.

89.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore deny them.

90.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore deny them.

91.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore deny them.

92.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore deny them.

93.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore deny them.

94.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore deny them.

95.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore deny them.

96.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore deny them.

97.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore deny them.

98.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore deny them.

99.     The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore deny them.

100.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore deny them.

101.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore deny them.

102.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore deny them.

103.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore deny them.

104.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore deny them.

105.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore deny them.

106.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore deny them.

107.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore deny them.

108.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 108 and

therefore deny them. With respect to the allegations in the third sentence of paragraph 108, the State Officials affirmatively state that the linked article speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations in the third sentence.

109.   With respect to the allegations in paragraph 109, the State Officials are aware that Mr. Phillips has on at least one prior occasion declined to create a wedding cake for a gay couple, but they lack information sufficient to form a belief as to the truth of the allegations that Mr. Phillips has declined to create "many custom cakes" due to the messages that they would have expressed or events that they would have celebrated, and therefore deny them.

110.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny them.

111.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore deny them.

112.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore deny them.

113.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore deny them.

114.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore deny them.

115.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore deny them.

116.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore deny them.

117.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore deny them.

118.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore deny them.

119.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore deny them.

120.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore deny them.

121.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore deny them.

122.   With respect to the allegations in paragraph 122, the State Officials are aware that Mr. Phillips has on at least one prior occasion declined to create a wedding cake for a gay couple, but they lack information sufficient to form a belief as to the truth of the allegations that Mr. Phillips has declined to create other cakes that "express or celebrate contrary messages about marriage," and therefore deny them.

123.   With respect to the allegations in paragraph 123, the State Officials are aware that Mr. Phillips has on at least one prior occasion declined to create a wedding cake for a gay couple, but they lack information sufficient to form a belief

as to the truth of the allegations that Mr. Phillips has declined to create other cakes for a same-sex marriages or for divorces, and therefore deny them.

124.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore deny them.

125.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore deny them.

126.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore deny them.

127.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore deny them.

128.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore deny them.

129.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore deny them.

130.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore deny them.

131.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore deny them.

132.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore deny them.

133.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore deny them.

134.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore deny them.

135.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore deny them.

136.    The State Officials admit the allegations in paragraph 136.

137.    With respect to the allegations in paragraph 137, the State Officials lack information sufficient to form a belief as to the truth of the allegations that Mr. Phillips places his custom cakes in boxes bearing Masterpiece Cakeshop's logo. With respect to the allegations that Mr. Phillips associates with or expresses approval of the cake and any message it conveys, the State Officials affirmatively state that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

138.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore deny them.

139.    With respect to the allegations in paragraph 139, the State Officials affirmatively state that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

140.    The State Officials deny the allegations in paragraph 140.

141.    With respect to the allegations in paragraph 141, the State Officials deny that the gay couple in question requested a "custom cake celebrating same-sex marriage," as Mr. Phillips refused service before the gay couple ever placed a cake order, and affirmatively state that the Division found probable cause in 2013 to believe that Mr. Phillips refused to provide the gay couple the full and equal enjoyment of a place of public accommodation, in violation of the Colorado Anti-discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-301(2)(a).

142.    With respect to the allegations in paragraph 142, the State Officials deny that the Commission filed a formal complaint against Mr. Phillips in 2013 due to his refusal to create a "custom cake celebrating same-sex marriage," as Mr. Phillips refused service before the gay couple ever placed a cake order, and affirmatively state the formal complaint was filed because Mr. Phillips refused to provide the gay couple the full and equal enjoyment of a place of public accommodation, in violation of CADA, Colo. Rev. Stat. § 24-34-301(2)(a); the State Officials admit that the formal complaint was assigned to an administrative law judge ("ALJ") to adjudicate the complaint.

143.    With respect to the allegations in paragraph 143, the State Officials affirmatively state that the ALJ's ruling in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

144.    With respect to the allegations in paragraph 144, the State Officials affirmatively state that the ALJ's ruling in *Masterpiece I* is a writing that speaks for

itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

145.    The State Officials admit the allegations in paragraph 145.

146.    With respect to the allegations in paragraph 146, the State Officials affirmatively state that the Commissioner's public comments relating to *Masterpiece I* were transcribed and the transcript is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

147.    With respect to the allegations in paragraph 147, the State Officials affirmatively state that the Commissioner's public comments relating to *Masterpiece I* were transcribed and the transcript is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

148.    With respect to the allegations in paragraph 148, the State Officials affirmatively state that the Commissioner's public comments relating to *Masterpiece I* were transcribed and the transcript is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

149.    The State Officials admit the allegations in paragraph 149.

150.    With respect to the allegations in paragraph 150, the State Officials admit that One Colorado is an LGBT advocacy organization; the State Officials lack

information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

151.    With respect to the allegations in paragraph 151, the State Officials affirmatively state that the Commissioner's public comments relating to *Masterpiece I* were transcribed and the transcript is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

152.    With respect to the allegations in paragraph 152, the State Officials affirmatively state that the Commissioner's public comments relating to *Masterpiece I* were transcribed and the transcript is a writing that speaks for itself, as is the U.S. Supreme Court's *Masterpiece I* decision, and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

153.    With respect to the allegations in paragraph 153, the State Officials affirmatively state that the Commissioner's public comments relating to *Masterpiece I* were transcribed and the transcript is a writing that speaks for itself, as is the Commission's U.S. Supreme Court response brief in *Masterpiece I*, and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

154.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore deny them.

155.   With respect to the allegations in paragraph 155, the State Officials admit that former Commissioner Heidi Hess was previously on the Commission at times when the charge at issue in *Masterpiece I* was discussed before the Commission; the State Officials lack information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

156.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore deny them.

157.   With respect to the allegations in the first, second, and third sentences of paragraph 157, the State Officials admit that then-Governor Hickenlooper re-nominated Heidi Hess to the Commission in 2017, and that the Colorado Senate declined to confirm her; the State Officials affirmatively state that Ms. Hess continued to serve on the Commission until January 9, 2018, when she resigned; the State Officials lack information sufficient to form a belief as to the truth of the remaining allegations in the first, second, and third sentences, and therefore deny them. With respect to the final sentence of paragraph 157, the State Officials affirmatively state that Colorado's Revised Statutes and any amendments thereto are writings that speak for themselves and thus no response is required; but insofar as a response is required, the State Officials deny the allegations in the final sentence.

158.   With respect to the allegations in paragraph 158, the State Officials affirmatively state that the Commission's final agency order related to the charge at issue in *Masterpiece I* is a writing that speaks for itself and thus no response is

required; but insofar as a response is required, the State Officials deny the allegations.

159.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore deny them.

160.   The State Officials admit the allegations in paragraph 160.

161.   With respect to the allegations in the first sentence of paragraph 161, the State Officials admit that the Division issued determinations of no probable-cause in three cases involving a complainant, William Jack, and that the Commission affirmed that determination. With respect to the allegations in the second sentence of paragraph 161, the State Officials affirmatively state that the Division's determinations of no-probable cause in the William Jack cases are writings that speak for themselves and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

162.   The State Officials admit the allegations in paragraph 162.

163.   With respect to the allegations in paragraph 163, the State Officials affirmatively state that the Colorado Court of Appeals' decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

164.   The State Officials admit the allegations in paragraph 164.

165.   The State Officials admit the allegations in paragraph 165.

166.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore deny them.

167.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore deny them.

168.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore deny them.

169.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore deny them.

170.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore deny them.

171.    With respect to the allegations in paragraph 171, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

172.    With respect to the allegations in paragraph 172, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

173.    With respect to the allegations in paragraph 173, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

174.    With respect to the allegations in paragraph 174, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a

writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

175.   With respect to the allegations in paragraph 175, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

176.   With respect to the allegations in paragraph 176, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

177.   With respect to the allegations in paragraph 177, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

178.   With respect to the allegations in paragraph 178, the State Officials affirmatively state that the U.S. Supreme Court's decision in *Masterpiece I* is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

179.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore deny them.

180.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore deny them.

181.   The State Officials deny the allegations in paragraph 181.

182.   With respect to the allegations in paragraph 182, the State Officials admit the Division issued a probable-cause determination to Mr. Phillips on June 28, 2018, which determination is a writing that speaks for itself.

183.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore deny them.

184.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore deny them.

185.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore deny them.

186.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 186 and therefore deny them.

187.   With respect to the allegations in paragraph 187, the State Officials affirmatively state that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore the State Officials deny them.

188.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore deny them.

189.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore deny them.

190.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 190 and therefore deny them.

191.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore deny them.

192.    With respect to the allegations in paragraph 192, the State Officials affirmatively state that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore the State Officials deny them.

193.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore deny them.

194.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 194 and therefore deny them.

195.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore deny them.

196.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore deny them.

197.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore deny them.

198.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore deny them.

199.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 199 and therefore deny them.

200.    With respect to the allegations in paragraph 200, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them; the State Officials affirmatively state that the Division issued a notice to Masterpiece Cakeshop, not Mr. Phillips, on or about July 21, 2017, informing it that Autumn Scardina had filed charge of alleged discrimination against Masterpiece Cakeshop, and enclosing the charge submitted by Ms. Scardina.

201.    With respect to the allegations in paragraph 201, the State Officials affirmatively state that the charge of discrimination submitted by Ms. Scardina is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

202.    With respect to the allegations in paragraph 202, the State Officials affirmatively state that the charge of discrimination submitted by Ms. Scardina is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

203.    With respect to the allegations in paragraph 203, the State Officials affirmatively state that the charge of discrimination submitted by Ms. Scardina is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

204.   With respect to the allegations in paragraph 204, the State Officials affirmatively state that the charge of discrimination submitted by Ms. Scardina is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

205.   The State Officials deny the allegations in paragraph 205, and affirmatively state that the Division received a response to the charge of discrimination on behalf of Masterpiece Cakeshop, the respondent party, not Mr. Phillips; the response received on behalf of Masterpiece Cakeshop denied the allegations in discrimination and raised statutory and constitutional defenses.

206.   With respect to the allegations in paragraph 206, the State Officials affirmatively state that Masterpiece Cakeshop's response to the charge of discrimination is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

207.   With respect to the allegations in paragraph 207, the State Officials affirmatively state that Masterpiece Cakeshop's response to the charge of discrimination is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

208.   With respect to the allegations in paragraph 208, the State Officials affirmatively state that Masterpiece Cakeshop's response to the charge of discrimination is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

209.   With respect to the allegations in paragraph 209, the State Officials deny that the Division "rarely" finds probable cause to credit a charge of discrimination in the public-accommodation context relative to other contexts such as housing or employment, and affirmatively state that the historical rate of finding probable cause in public accommodation cases is consistent with, or slightly lower, than non-public accommodation cases.

210.   The State Officials admit the allegations in paragraph 210.

211.   With respect to the allegations in paragraph 211, the State Officials deny that the Division issued a probable cause determination to Mr. Phillips on June 28, 2018, and affirmatively state that the Division's probable cause determination was addressed to Masterpiece Cakeshop, the respondent party.

212.   With respect to the allegations in paragraph 212, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

213.   With respect to the allegations in paragraph 213, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

214.   With respect to the allegations in paragraph 214, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

215.   With respect to the allegations in paragraph 215, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

216.   With respect to the allegations in paragraph 216, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

217.   With respect to the allegations in paragraph 217, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

218.   With respect to the allegations in paragraph 218, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination

to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

219.   With respect to the allegations in paragraph 219, the State Officials affirmatively state that the Division's June 28, 2018 probable cause determination to Masterpiece Cakeshop is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

220.   The State Officials deny the allegations in paragraph 220.

221.   The State Officials deny the allegations in paragraph 221. The State Officials affirmatively state that the *Masterpiece I* decision is a legal opinion that speaks for itself.

222.   The State Officials deny the allegations in paragraph 222. The State Officials affirmatively state that the *Masterpiece I* decision is a legal opinion that speaks for itself.

223.   The State Officials deny the allegations in paragraph 223.

224.   The State Officials deny the allegations in paragraph 224.

225.   The State Officials deny the allegations in paragraph 225.

226.   The State Officials affirmatively deny that they have acted unconstitutionally. With respect to the remaining allegations in paragraph 226, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

227.    The State Officials affirmatively deny that they have acted unconstitutionally. With respect to the remaining allegations in paragraph 227, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

228.    State Officials admit the allegations in paragraph 228.

229.    The State Officials admit that the Commission could have declined to file a formal complaint. The State Officials affirmatively state that Colo. Rev. Stat. § 24-34-306(11) is a writing that speaks for itself. The remaining allegations in paragraph 229 call for a legal conclusion to which no response is required; to the extent a response is required, State Officials deny the allegations in paragraph 229.

230.    State Officials admit the allegations in paragraph 230.

231.    With respect to the allegations in paragraph 231, the State Officials affirmatively state that the administrative complaint is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

232.    With respect to the allegations in paragraph 232, the State Officials affirmatively state that the administrative complaint is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

233.    With respect to the allegations in paragraph 233, the State Officials affirmatively state that the administrative complaint is a writing that speaks for

itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

234.    With respect to the allegations in paragraph 234, the State Officials affirmatively state that the administrative complaint is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

235.    With respect to the allegations in paragraph 235, the State Officials affirmatively state that the administrative complaint is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

236.    With respect to the allegations in paragraph 236, the State Officials affirmatively state that the administrative complaint is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

237.    With respect to the allegations in paragraph 237, the State Officials affirmatively state that the Commission has not yet passed judgment regarding the merits of the charge, and that the administrative complaint is a writing that speaks for itself and thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

238.    With respect to the allegations in paragraph 238, the State Officials affirmatively state that the Commission has not yet passed judgment regarding the merits of the charge, and that the complaint is a writing that speaks for itself and

thus no response is required; but insofar as a response is required, the State Officials deny the allegations.

239.    The State Officials deny the allegations in paragraph 239.

240.    The State Officials deny the allegations in paragraph 240. The State Officials affirmatively state that the *Masterpiece I* decision is a legal opinion that speaks for itself.

241.    The State Officials deny the allegations in paragraph 241. The State Officials affirmatively state that the *Masterpiece I* decision is a legal opinion that speaks for itself.

242.    The State Officials deny the allegations in paragraph 242.

243.    The State Officials deny the allegations in paragraph 243.

244.    The State Officials deny the allegations in paragraph 244.

245.    The State Officials affirmatively deny that they have acted unconstitutionally. With respect to the remaining allegations in paragraph 245, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

246.    The State Officials affirmatively deny that they have acted unconstitutionally. With respect to the remaining allegations in paragraph 246, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

247.    The State Officials affirmatively state that Colo. Rev. Stat. § 24-34-305(3) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 247.

248.    The State Officials deny the allegations in paragraph 248.

249.    The State Officials deny the allegations in paragraph 249.

250.    The State Officials deny the allegations in paragraph 250.

251.    The State Officials deny the allegations in paragraph 251.

252.    The State Officials affirmatively state that the *Statement from the Colorado Civil Rights Division*, Colorado Dep't of Regulatory Agencies (June 4, 2018) is a writing that speaks for itself. The State Officials deny the remaining of the allegations in paragraph 252.

253.    The State Officials affirmatively state that the *Statement from Attorney General Cynthia H. Coffman*, Attorney General Cynthia H. Coffman (June 4, 2018) is a writing that speaks for itself. The State Officials deny the remaining of the allegations in paragraph 253.

254.    The State Officials affirmatively state that Ms. Rice is not a party to this action and has not participated as a Commissioner in review of the charge of discrimination submitted by Ms. Scardina. With respect to the remaining allegations in paragraph 54, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

255.    The State Officials deny the allegations in paragraph 255.

256.     With respect to the allegations in paragraph 256, the State Officials affirmatively state that Appellees' Br. At 42, 45-46, *303 Creative LLC v. Elenis*, No. 17-1344 (10th Cir. Feb. 1, 2018) is a writing that speaks for itself. The State Officials deny the remaining of the allegations in paragraph 256.

257.     The State Officials deny the allegations in paragraph 257.

258.     The State Officials deny the allegations in paragraph 258.

259.     Commissioner Pocock affirmatively denies that she has demonstrated "opposition" or "open antagonism" towards Plaintiffs, or towards their faith. Commissioner Pocock affirmatively admits that she formerly worked as a field coordinator for One Colorado and spearheaded the group's southern Colorado grassroots efforts, and that in January of 2013, she used social media including Twitter and Facebook. Commissioner Pocock also affirmatively admits that on January 23, 2013, she observed a hearing before the senate judiciary committee pertaining to Senate Bill 13-11, and posted to her social media regarding the hearing. Mr. Phillips did not testify during that hearing, nor was his name mentioned. Commissioner Pocock denies that she re-tweeted comments about Mr. Phillips made by former Commissioner Hess, and affirmatively denies the remaining allegations in paragraph 259.

260.     Commissioner Aragon affirmatively denies that he has demonstrated "opposition" or "open antagonism" towards Plaintiffs, or towards their faith. Commissioner Aragon admits the remaining allegations in paragraph 260.

261.     Commissioner Aragon denies the allegations in paragraph 261.

262.    The Commission lacks information sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies them.

263.    The allegations in paragraph 263 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 263.

264.    The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 264.

265.     The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 265.

266.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 266 and therefore deny them.

267.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 267 and therefore deny them.

268.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 268 and therefore deny them.

269.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 269 and therefore deny them.

270.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 270 and therefore deny them.

271.    With respect to the allegations in paragraph 271, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) and Colo. Rev. Stat. § 24-34-701 are writings that speaks for themselves. The remaining allegations in paragraph 271 call for a legal conclusion to which no response is required; to the extent a response is required, State Officials deny the allegations in paragraph 271.

272.    With respect to the allegations in paragraph 272, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 272.

273.    With respect to the allegations in paragraph 273, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 273.

274.    With respect to the allegations in paragraph 274, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself.

275.    With respect to the allegations in paragraph 275, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-701 is a writing that speaks for itself. The State Officials deny the remaining allegations in paragraph 275.

276.    With respect to the allegations in paragraph 276, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-701 is a writing that speaks for itself.

277.   With respect to the allegations in paragraph 277, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-705 is a writing that speaks for itself.

278.   The allegations in paragraph 278 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 278.

279.   The allegations in paragraph 279 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 279.

280.   The allegations in paragraph 280 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 280.

281.   The allegations in paragraph 281 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 281. With respect to the remaining allegations in paragraph 281, regarding Mr. Phillips' beliefs and current or future conduct, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

282.   The State Officials deny the allegations in paragraph 282.

283.   The allegations in paragraph 283 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 283.

284.   With respect to the allegations in paragraph 284, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-301(7) is a writing that speaks for itself. The remaining allegations in paragraph 284 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 284.

285.   The allegations in paragraph 285 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 285.

286.   With respect to the allegations in paragraph 286, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(I-II) is a writing that speaks for itself. The remaining allegations in paragraph 286 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 286.

287.   The State Officials deny the allegations in paragraph 287.

288.   With respect to the allegations in the first sentence of paragraph 288, the State Officials admit that Commissioners Fabrizio and Lewis represent the business community, but deny that they represent the business community's "interests." With respect to the remaining allegations in paragraph 288, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(I)(a) is a writing that speaks for itself.

289.   With respect to the allegations in the first sentence of paragraph 289, the State Officials admit that Commissioner Aragon represents state or government

entities, but deny that he represents state or government entities' "interests." Commissioner Aragon affirmatively admits that he served as the LGBTQ Liaison for the Mayor of Denver, staffed the Denver LGBTQ Commission, and as a Senior Advisor on the Community Affairs team in Denver's Agency for Human Rights and Community Partnerships, but effective January 31, 2019, he will no longer fill those roles.

290.   With respect to the allegations in paragraph 290, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(I)(B) is a writing that speaks for itself.

291.   With respect to the allegations in the first sentence of paragraph 291, the State Officials affirmatively admit that Commissioner Menon represents a statewide chamber of commerce, but deny that he represents the statewide chamber of commerce's "interests." With respect to the remaining allegations in paragraph 291, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(I)(B) is a writing that speaks for itself.

292.   The State Officials admit the allegations in the first sentence of paragraph 292. With respect to the remaining allegations in paragraph 292, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(I)(C) is a writing that speaks for itself.

293.   With respect to the allegations in paragraph 293, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-303(1)(b)(II)(A) is a writing that speaks for itself.

294.    The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 294.

295.    The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 295.

296.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 296 and therefore deny them.

297.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 297 and therefore deny them.

298.    The Governor was dismissed as a defendant to this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, State Officials deny the allegations in paragraph 298.

299.    The State Officials deny the allegations in paragraph 299.

300.    The State Officials deny the allegations in paragraph 300.

301.    The State Officials deny the allegations in paragraph 301.

302.    The State Officials deny the allegations in paragraph 302.

303.    The State Officials affirmatively deny that they are "biased." With respect to the remaining allegations in paragraph 303, the State Officials lack information sufficient to form a belief as to the truth of the allegations and therefore deny them.

304.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 304 and therefore deny them.

305.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 305 and therefore deny them.

306.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 306 and therefore deny them.

307.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 307 and therefore deny them.

308.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 308 and therefore deny them.

309.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 309 and therefore deny them.

310.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 310 and therefore deny them.

311.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 311 and therefore deny them.

312.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 312 and therefore deny them.

313.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 313 and therefore deny them.

314.   The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 314 and therefore deny them.

315.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 315 and therefore deny them.

316.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 316 and therefore deny them.

317.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 317 and therefore deny them.

318.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 318 and therefore deny them.

319.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 319 and therefore deny them.

320.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 320 and therefore deny them.

321.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 321 and therefore deny them.

322.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 322 and therefore deny them.

323.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 323 and therefore deny them.

324.    The State Officials lack information sufficient to form a belief as to the truth of the allegations in paragraph 324 and therefore deny them.

325.    The State Officials deny the allegations in paragraph 325.

326.    The Governor was dismissed as a defendant to this action [Doc. 94].
Therefore, no response is required; to the extent a response is required, the State
Officials deny the allegations in paragraph 326.

327.    The State Officials lack information sufficient to form a belief as to the
truth of the allegations in paragraph 327 and therefore deny them.

328.    The State Officials lack information sufficient to form a belief as to the
truth of the allegations in paragraph 328 and therefore deny them.

329.    The State Officials deny that they are hostile to Mr. Phillips because
they despise his religious beliefs and practices. With respect to the remaining
allegations in paragraph 329, the State Officials lack information sufficient to form
a belief as to the truth of the allegations and therefore deny them.

330.    With respect to the allegations in paragraph 330 before the phrase "a
custom cake," the State Officials lack information sufficient to form a belief as to the
truth of the allegations and therefore deny them. The remaining allegations in
paragraph 331 call for a legal conclusion to which no response is required; to the
extent a response is required, the State Officials deny the remaining allegations in
paragraph 330.

## Legal Allegations

331.    The allegations in paragraph 331 call for a legal conclusion to which no
response is required; to the extent a response is required, the State Officials deny
the allegations in paragraph 331.

332.    The allegations in paragraph 332 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 332.

333.    The allegations in paragraph 333 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 333.

334.    The allegations in paragraph 334 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 334.

335.    The allegations in paragraph 335 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 335.

336.    The allegations in paragraph 336 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 336.

337.    The allegations in paragraph 337 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 337.

338.    The allegations in paragraph 338 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 338.

339.    Plaintiffs' damages claims were dismissed from this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 339.

## First Cause of Action: Free Exercise of Religion

340.    The State Officials restate each answer to paragraphs 1 through 339 of Plaintiffs' Complaint.

341.    The allegations in paragraph 341 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 341.

342.    The allegations in paragraph 342 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 342.

343.    The allegations in paragraph 343 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 343.

344.    The allegations in paragraph 344 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 344.

345.    The allegations in paragraph 345 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 345.

346.    The allegations in paragraph 346 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 346.

347.    The allegations in paragraph 347 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 347.

348.    The allegations in paragraph 348 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 348.

349.    The allegations in paragraph 349 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 349.

350.    The allegations in paragraph 350 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 350.

351.    The allegations in paragraph 351 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 351.

352.    The allegations in paragraph 352 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 352.

353.    The allegations in paragraph 353 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 353.

354.    The allegations in paragraph 354 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 354.

## Second Cause of Action: Free Speech

355.    The State Officials restate each answer to paragraphs 1 through 339 of Plaintiffs' Complaint.

356.    The allegations in paragraph 356 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 356.

357.    The allegations in paragraph 357 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 357.

358.    The allegations in paragraph 358 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 358.

359.    The allegations in paragraph 359 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 359.

360.    The allegations in paragraph 360 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 360.

361.    The allegations in paragraph 361 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 361.

362.    With respect to the allegations in paragraph 362, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself, so no response is required.

363.    The allegations in paragraph 363 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 363.

364.    The allegations in paragraph 364 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 364.

365.    The allegations in paragraph 365 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 365.

366.    The allegations in paragraph 366 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 366.

367.    The allegations in paragraph 367 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 367.

368.    The allegations in paragraph 368 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 368.

369.    The allegations in paragraph 369 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 369.

370.    The allegations in paragraph 370 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 370.

371.    With respect to the allegations in paragraph 371, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself, so no response is required.

372.    With respect to the allegations in paragraph 372, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-701 is a writing that speaks for itself, so no response is required.

373.    The allegations in paragraph 373 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 373.

374.   The allegations in paragraph 374 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 374.

375.   With respect to the allegations in paragraph 375, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself, so no response is required.

376.   With respect to the allegations in paragraph 376, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-701 is a writing that speaks for itself, so no response is required.

377.   The allegations in paragraph 377 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 377.

378.   The allegations in paragraph 378 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 378.

379.   With respect to the allegations in paragraph 379, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-701 is a writing that speaks for itself, so no response is required.

380.   The allegations in paragraph 380 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 380.

381.    The allegations in paragraph 381 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 381.

382.    The allegations in paragraph 382 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 382.

383.    The allegations in paragraph 383 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 383.

384.    The allegations in paragraph 384 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 384.

385.    The allegations in paragraph 385 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 385.

386.    The allegations in paragraph 386 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 386.

387.    The allegations in paragraph 387 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 387.

388.    The allegations in paragraph 388 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 388.

389.    The allegations in paragraph 389 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 389.

## Third Cause of Action: Due Process

390.    The State Officials restate each answer to paragraphs 1 through 339 of Plaintiffs' Complaint.

391.    The allegations in paragraph 391 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 391.

392.    The allegations in paragraph 392 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 392.

393.    The allegations in paragraph 393 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 393.

394.    The allegations in paragraph 394 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 394.

395.    The allegations in paragraph 395 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 395.

396.    The allegations in paragraph 396 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 396.

397.    The allegations in paragraph 397 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 397.

398.    The allegations in paragraph 398 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 398.

399.    The allegations in paragraph 399 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 399.

400.    The allegations in paragraph 400 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 400.

401.    The allegations in paragraph 401 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 401.

402.   The allegations in paragraph 402 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 402.

403.   The allegations in paragraph 403 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 403.

404.   The allegations in paragraph 404 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 404.

405.   The allegations in paragraph 405 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 405.

406.   The allegations in paragraph 406 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 406.

407.   The allegations in paragraph 407 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 407.

408.   The allegations in paragraph 408 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 408.

409.    The allegations in paragraph 409 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 409.

410.    The allegations in paragraph 410 call for a legal conclusion to which no response is required; to the extent a response is required, State Officials deny the allegations in paragraph 410.

411.    With respect to the allegations in the first sentence of paragraph 411, the State Officials affirmatively state that Colo. Rev. Stat. § 24-34-601(2)(a) is a writing that speaks for itself. The remaining allegations in paragraph 411 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 411.

412.    With respect to the allegations in the first sentence of paragraph 412, the State Officials affirmatively state that Colo. Rev. Stat. §§ 24-34-701 and 24-34-601(2)(a) are writings that speaks for themselves. The remaining allegations in paragraph 412 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 412.

413.    The allegations in paragraph 413 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 413.

414.    The allegations in paragraph 414 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 414.

415.    The allegations in paragraph 415 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 415.

416.    The allegations in paragraph 416 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 416.

417.    The allegations in paragraph 417 call for a legal conclusion to which no response is required; to the extent a response is required, State Officials deny the allegations in paragraph 417.

### Fourth Cause of Action: Equal Protection

418.    The State Officials restate each answer to paragraphs 1 through 339 of Plaintiffs' Complaint.

419.    The allegations in paragraph 419 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 419.

420.    The allegations in paragraph 420 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 420.

421.    The allegations in paragraph 421 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 421.

422.    The allegations in paragraph 422 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 422.

423.    The allegations in paragraph 423 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 423.

424.    The allegations in paragraph 424 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 424.

425.    The allegations in paragraph 425 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 425.

426.    The allegations in paragraph 426 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 426.

427.    The allegations in paragraph 427 call for a legal conclusion to which no response is required; to the extent a response is required, the State Officials deny the allegations in paragraph 427.

## **Prayer for Relief**

The State Officials ask this Court to enter judgment in their favor and deny Plaintiffs the following relief:

1.      The State Officials deny that Plaintiffs are entitled to the preliminary or permanent injunctive relief they request in paragraph 1.

2.      The State Officials deny that Plaintiffs are entitled to the preliminary or permanent injunctive relief they request in paragraph 2.

3.      The State Officials deny that Plaintiffs are entitled to the preliminary or permanent injunctive relief they request in paragraph 3.

4.      The State Officials deny that Plaintiffs are entitled to the preliminary or permanent injunctive relief they request in paragraph 4.

5.      The State Officials deny that Plaintiffs are entitled to the declaratory relief they request in paragraph 5.

6.      The State Officials deny that Plaintiffs are entitled to the declaratory relief they request in paragraph 6.

7.      The State Officials deny that Plaintiffs are entitled to the declaratory relief they request in paragraph 7.

8.      The State Officials deny that Plaintiffs are entitled to the declaratory relief they request in paragraph 8.

9.      Plaintiffs' damages claims were dismissed from this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State

Officials deny that Plaintiffs are entitled to the compensatory damages requested in paragraph 9.

10.    Plaintiffs' damages claims were dismissed from this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny that Plaintiffs are entitled to the punitive damages requested in paragraph 10.

11.    Plaintiffs' damages claims were dismissed from this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny that Plaintiffs are entitled to the nominal damages requested in paragraph 11.

12.    The State Officials deny that Plaintiffs are entitled to the costs, expenses, and attorneys' fees for this action that they request in paragraph 12.

13.    Plaintiffs' damages claims were dismissed from this action [Doc. 94]. Therefore, no response is required; to the extent a response is required, the State Officials deny that Plaintiffs are entitled to the award of pre-judgement and post-judgement interest that they request in paragraph 13.

14.    The State Officials deny that Plaintiffs are entitled to the order retaining jurisdiction over this matter for the purpose of enforcing the Court's orders that they request in paragraph 14.

15.    The State Officials deny that Plaintiffs are entitled to the order issuing the requested injunctive relief without requiring a bond or other security from Plaintiffs that they request in paragraph 15.

16.   The State Officials deny that Plaintiffs are entitled to any other relief that the Court deems equitable and just under the circumstances that they request in paragraph 16.

## General Denial

The State Officials deny each and every allegation contained within Plaintiffs' First Amended Verified Complaint [Doc. 51], unless expressly admitted herein.

## Affirmative Defenses

1.   The State Officials affirmatively assert that abstention is mandatory in this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and that no exception thereto is applicable or supported by non-conclusory factual allegations.

2.   The State Officials affirmatively assert that abstention is also warranted under the *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496 (1941), *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) doctrines.

3.   Plaintiffs' First Amended Verified Complaint fails, in whole or in part, to state a claim upon which relief may be granted under any theory.

4.   Plaintiffs' claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited, or qualified immunity.

5.   The State Officials affirmatively assert that Plaintiffs' federal and state rights were not violated and that Plaintiffs have been afforded all the rights,

privileges, and immunities granted by the United States Constitution and Colorado law.

6.      The State Officials affirmatively assert that they have followed the regulations and procedures established by the Division and the Commission and the laws passed by the Colorado legislature, in regards to the claims at issue.

7.      The State Officials' actions, applicable regulations, and CADA are supported by compelling governmental interests, goals, and objectives.

8.      That State Officials' actions, applicable regulations, and CADA are supported by important or substantial governmental interests, goals, and objectives.

9.      The State Officials' actions, applicable regulations, and CADA are supported by legitimate governmental interests, goals, and objectives.

10.     The State Officials affirmatively assert that CADA is a valid law of neutral applicability, which is viewpoint and content neutral, and thus does not violation the First Amendment's Free Exercise Clause.

11.     The State Officials affirmatively assert that CADA regulates commercial conduct not speech, any speech is not attributable to Plaintiffs, and even if CADA affects the expressive aspects of baking cakes, the effects are permissible and incidental to the goal of nondiscrimination. The State Officials further affirmatively assert that Plaintiffs' Free Speech Claim fails because the predominant purpose of the cake at issue here was not to express messages.

12.     The State Officials affirmatively assert that CADA is not overly broad, vague, violative of the unbridled discretion doctrine, or otherwise violative of the Fourteenth Amendment's Due Process or Equal Protections Clauses.

13.     Plaintiffs' claims may be barred in whole or in part by a lack of standing and the absence of any injury in fact.

14.     Plaintiffs are not entitled to the relief being sought or claimed in the First Amended Verified Complaint under the legal theories asserted therein.

15.     The State Officials may not have personally participated in the events complained of.

16.     Plaintiffs have failed to mitigate their claimed harms and have delayed in bringing their suit.

17.     Plaintiffs' claimed harms, if any, may have been caused by third person(s) over whom the State officials have no control.

18.     Any harms Plaintiffs claim may have pre-existed any alleged act or omissions on the part of the State Officials.

19.     The State Officials reserve the right to assert additional defenses which may become known during the course of discovery.

Respectfully submitted this 18th day of January, 2019.

PHILIP J. WEISER
Attorney General

*s/* Jacquelynn Rich Fredericks

GRANT T. SULLIVAN*
Assistant Solicitor General
VINCENT MORSCHER*
Senior Assistant Attorney General
JACQUELYNN RICH FREDERICKS*
Senior Assistant Attorney General
Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6349
FAX: (720) 508-6041
E-Mail: grant.sullivan@coag.gov
*Counsel of Record
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2019, I served a true and complete copy of the foregoing **ANSWER AND OBJECTIONS TO FIRST AMENDED VERIFIED COMPLAINT** upon all counsel of record and parties who have appeared in this matter through ECF or as otherwise indicated below:

Kristen K. Waggoner
James A. Campbell
Jonathan A. Scruggs
Jacob P. Warner
Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
kwaggoner@ADFlegal.org
jcampbell@ADFlegal.org
jscruggs@ADFlegal.org
jwarner@ADFlegal.org
kanderson@ADFlegal.org

David A. Cortman
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE
Suite D-1100
Lawrenceville, GA 30043
dcortman@ADFlegal.org

Nicolle H. Martin
7175 W. Jefferson Avenue
Suite 4000
Lakewood, CO 80235
nicollem@comcast.net

*s/ Jacquelynn Rich Fredericks*
Jacquelynn Rich Fredericks