**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02074-WYD-STV

MASTERPIECE CAKESHOP INCORPORATED,
a Colorado corporation; and
JACK PHILLIPS,

      *Plaintiffs*,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in her
official and individual capacities;
ANTHONY ARAGON, as member of the Colorado Civil Rights
Commission, in his official and individual capacities;
MIGUEL "MICHAEL" RENE ELIAS, as member of the Colorado Civil
Rights Commission, in his official and individual capacities;
CAROL FABRIZIO, as member of the Colorado Civil Rights
Commission, in her official and individual capacities;
CHARLES GARCIA, as member of the Colorado Civil Rights
Commission, in his official and individual capacities;
RITA LEWIS, as member of the Colorado Civil Rights Commission, in
her official and individual capacities;
JESSICA POCOCK, as member of the Colorado Civil Rights
Commission, in her official and individual capacities;
AJAY MENON, as member of the Colorado Civil Rights
Commission, in his official and individual capacities; and
PHIL WEISER, Colorado Attorney General, in his official capacity,

      *Defendants*.

---

**PLAINTIFFS' FED. R. CIV. P. 72(a) OBJECTION TO MAGISTRATE JUDGE'S
ORDER FORBIDDING DEPOSITIONS OF DEFENDANT COMMISSIONERS**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 3

ARGUMENT ............................................................................................................................. 7

I.      The order denying expedited depositions of the individual Commissioners who are prosecuting Phillips in bad faith is clearly erroneous and contrary to law ........................ 8

      A.      Absolute immunity does not bar the individual Commissioners' depositions ....... 8

      B.      Deliberative-process and mental-process privileges do not bar the individual Commissioners' depositions ................................................................................. 11

      C.      A Rule 30(b)(6) deposition is no substitute for deposing the individual Commissioners .................................................................................................... 13

II.     The order denying inquiry into the Commissioners' views on religious freedom, religion, gay rights, and the legal issues underlying this lawsuit is clearly erroneous and contrary to law ............................................................................................................. 15

CONCLUSION ....................................................................................................................... 15

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Alice L. v. Dusek*,
 492 F.3d 563 (5th Cir. 2007) ......................................................................................10

*Behrens v. Pelletier*,
 516 U.S. 299 (1996)......................................................................................................9

*Brown v. Buhman*,
 822 F.3d 1151 (10th Cir. 2016) ...................................................................................8

*Califano v. Sanders*,
 430 U.S. 99 (1977)................................................................................................11, 12

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
 401 U.S. 402 (1971)..............................................................................................11, 12

*Franklin Savings Corporation v. United States*,
 180 F.3d 1124 (10th Cir. 1999) .................................................................................12

*General Steel Domestic Sales, LLC v. Chumley*,
 129 F. Supp. 3d 1158 (D. Colo. 2015).........................................................................7

*InfoReliance Corp. v. United States*,
 118 Fed. Cl. 744 (2014) .............................................................................................12

*Lemmons v. Law Firm of Morris & Morris*,
 39 F.3d 264 (10th Cir. 1994) .......................................................................................8

*Lugo v. Alvarado*,
 819 F.2d 5 (1st Cir. 1987).......................................................................................9, 10

*Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*,
 138 S. Ct. 1719 (2018).........................................................................3, 12, 13, 15

*McGoldrick v. Koch*,
 110 F.R.D. 153 (S.D.N.Y. 1986) ...............................................................................12

*Metro Pony, LLC v. City of Metropolis*,
 2011 WL 2729153 (S.D. Ill. July 13, 2011) ...............................................................9

*Peat, Marwick, Mitchell & Co. v. West*,
 748 F.2d 540 (10th Cir. 1984) .....................................................................................8

*Pulliam v. Allen*,
    466 U.S. 522 (1984) ........................................................................................................8

*Samuels v. McDonald*,
    723 F. App'x 621 (10th Cir. 2018) ...............................................................................9

*Supreme Court of Virginia v. Consumers Union of the United States, Inc.*,
    446 U.S. 719 (1980) ........................................................................................................8

*Texaco Puerto Rico, Inc. v. Department of Consumer Affairs*,
    60 F.3d 867 (1st Cir. 1995) ..........................................................................................12

*Tummino v. Von Eschenbach*,
    427 F. Supp. 2d 212 (E.D.N.Y. 2006) ........................................................................12

*United States v. Morgan*,
    313 U.S. 409 (1941) ......................................................................................................12

## **Rules and Statutes**

Colo. Rev. Stat. § 24-34-306(4) .............................................................................................10

Fed. R. Civ. P. 72(a) ...............................................................................................................7

## **<u>INTRODUCTION</u>**

It is impossible for Plaintiffs Jack Phillips and Masterpiece Cakeshop (collectively, Phillips) to gather key evidence for the preliminary-injunction hearing if they are unable to depose the opposing parties—namely, the Defendant Commissioners. Those officials are the only ones with the information concerning their anti-religious hostility and bad faith, their views about Phillips and his actions, and their related conversations and comments. Without access to that information through depositions, Phillips is being forced to prove his case without sufficient opportunity to gather evidence, and this litigation is proceeding in an unfair and unequal manner.

This Court has already said that Defendant Commissioners' ongoing "disparate treatment" of Phillips reveals their "hostility towards Phillips, which is sufficient to establish they are pursuing the discrimination charges against Phillips in bad faith, motivated by Phillips' suspect class (his religion)." Doc. 94 at 20-21. Now the parties are preparing for an evidentiary hearing on Phillips's motion for a preliminary injunction, and quickly moving through expedited discovery that permits each side to conduct four depositions over the next few weeks.

Phillips seeks to use some of those depositions on the Commissioners. But the Magistrate Judge, relying on absolute immunity and deliberative-process and mental-process privileges, has blocked Phillips from deposing the very officials acting in bad faith and with hostility toward him. Instead, the Magistrate Judge has instructed Phillips to conduct a Rule 30(b)(6) deposition to inquire into (1) objective indicators of the Commission's rationale for prosecuting Phillips and (2) certain Commissioner discussions. While that order left open the possibility of allowing limited depositions of Commissioners later, it effectively forecloses Phillips from deposing the Commissioners before the preliminary-injunction hearing.

That order is clearly erroneous and contrary to law. For one thing, absolute immunities do not forbid the requested depositions because those immunities apply to damages claims, not the equitable claims that remain in this case. Under the Magistrate Judge's logic, even though Phillips can enjoin the Commissioners' unconstitutional actions, he cannot depose them to learn key evidence necessary to prove the unconstitutionality of their actions. That is clear error. Moreover, the deliberative-process and mental-process privileges do not prohibit the requested depositions because those privileges do not apply here when objective and undisputed facts show that the government officials are acting in bad faith. Barring the Commissioners' depositions based on those privileges is thus contrary to law.

Allowing the Rule 30(b)(6) deposition does not fix these clear errors. It will not enable Phillips to test the credibility of the individual Commissioners who are denying their anti-religious hostility, bad faith, and various facts relevant to those issues. Nor is it adequate to force Phillips to learn second-hand about certain Commissioner communications through a representative rather than allowing him to question the individuals actually involved. That shortcoming is compounded by the flawed assumption that a 30(b)(6) deponent can somehow obtain all relevant information possessed by the Commissioners. Also, information recently disclosed to Phillips's counsel—that a current Commissioner has voiced to a third party concerns about anti-religious bias on the Commission—further justifies the need for individual depositions.

The Magistrate Judge's order is not only contrary to law, but also fundamentally unfair. It leaves Defendants (collectively, Colorado) free to depose Plaintiffs and their employees without limitation, yet stops Phillips from deposing the individuals acting in bad faith against him. In addition to producing inequity in the expedited discovery, that gives Colorado the upper hand at

the preliminary-injunction hearing. Colorado will have its chosen representative testify that the state is acting in good faith and without hostility, but Phillips will be prevented from accessing and fully exploring essential evidence, including Commissioner communications, necessary to refute that testimony. To avoid this, Phillips asks this Court to reverse the Magistrate Judge's order and allow Phillips to conduct expedited depositions of Commissioners.

As required by Local Rule 7.1(a), Phillips's counsel sought to confer with opposing counsel by leaving a voicemail with, and sending an email to, Colorado's counsel in the morning of February 18. Phillips did not hear back from Colorado's counsel before filing.

## BACKGROUND

At the heart of this case are the issues of anti-religious hostility and bad faith. The Supreme Court just held that the Colorado Civil Rights Division and Commission—as shown by their prior comments about and disparate treatment of Phillips—acted with "clear and impermissible hostility" toward Phillips and his religious beliefs. *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719, 1729 (2018) (*Masterpiece I*). Similarly, this Court, in its order denying Colorado's motion to dismiss, said that Colorado's ongoing "disparate treatment [of Phillips] reveals Director Elenis' and the Defendant Commissioners' hostility towards Phillips, which is sufficient to establish they are pursuing the discrimination charges against Phillips in bad faith." Doc. 94 at 20-21; *see also id.* at 23 ("The decision to pursue the discrimination charge . . . supports the existence of bad faith."). Colorado continues to deny that it has acted with hostility or in bad faith toward Phillips. *See* Doc. 116 at 6-12 & 12 n.7.

The parties are rapidly moving through an expedited discovery period to prepare for a preliminary-injunction hearing scheduled for March 14 and 15. This Court said that it wanted "to

3

have evidence presented . . . in the form of exhibits and witnesses who testify," Doc. 96-1 at 86 (Tr. of Dec. 18, 2018 Hearing), and that "it would be a fair hearing" for both Colorado and Phillips, *id.* at 74. The Court also anticipated that the parties might conduct "some expedited discovery" and emphasized that "it needs to be done in a fair way." *Id.* at 75. Colorado similarly requested that the "expedited discovery be limited, reciprocal, and bilaterally conducted." Doc. 95 at 9. The Magistrate Judge entered a Scheduling Order permitting expedited discovery that included five requests for production and interrogatories per side due February 5, and four depositions per side to be completed by February 28. Doc. 99 at 7-8.

On February 1, Colorado's counsel informed Phillips's counsel that they would not be able to produce all responsive documents until February 13. Ex. A at 3-4. Phillips's counsel objected, but indicated that, to keep the process fair, they would similarly delay their final production until February 13. *Id.* at 2. Phillips's counsel also asked that Colorado agree to extend the deposition deadline until March 5, which Colorado's counsel accepted. *Id.* at 1-2.

Colorado objected to Phillips deposing "any Commissioner individually." Doc. 95 at 10. Since this would thwart his discovery plans, Phillips raised this issue at the January 15 Scheduling Conference. The Magistrate Judge agreed to decide that issue and asked the parties to email him a Joint Statement by January 29. *See* Doc. 113 (filed February 5, 2019). In it, Phillips stated that he will not question the Commissioners about their eventual role adjudicating the pending state proceeding. *Id.* at 3. Rather, he wants to focus on their past prosecutorial actions against him and their discussions (both with other Commissioners and with third parties) and views about those prosecutorial actions and about Plaintiffs in general. *Id.* In addition, Phillips objected to Colorado's insistence that he cannot ask about: Commissioners' discussions and views regarding

4

religious freedom, religion, LGBT issues, and other personal characteristics; and information about other related cases decided by the Commission. *Compare id.*, *with* Doc. 95 at 10.

Colorado maintains that Phillips cannot depose any individual Commissioner about any topic. Doc. 113 at 15-16. The state relies on absolute immunity and deliberative-process and mental-process privileges for this position. *Id.* at 18-29. The Magistrate Judge requested supplemental briefs on the parties' positions by February 4, *see* Docs. 114 & 115; and he held a hearing the following day, *see* Doc. 112.

At that hearing, the Magistrate Judge ruled that (1) Phillips cannot depose the Commissioners at any time about their "personal feelings" regarding religion, gay rights, and the First Amendment and Fourteenth Amendment issues underlying this lawsuit, Ex. B at 51 (Tr. of Feb. 5, 2019 Hearing), and (2) Phillips cannot depose the Commissioners now about their decision to charge Phillips or their discussions about this case, similar cases, or Plaintiffs in general, *id.* at 52. Rather, Phillips is only allowed to conduct a Rule 30(b)(6) deposition, during which he may ask about "the rationale" for the decision to prosecute him (although that inquiry is limited to "the objective basis for the decision," *id.* at 58) and "any conversations that the commissioners had with each other . . . exclusive of attorney/client communication." *Id.* at 53.

The Magistrate Judge also encouraged the 30(b)(6) deponent to "be prepared to address discussions that any of the commissioners may have had with third parties" about "plaintiff or this case" "exclusive of things such as a spousal privilege." *Id.* at 54-55. He found that "no privilege prohibits" that questioning. *Id.* at 59; *accord id.* at 55 ("I don't see how that's privileged"). And he ordered Colorado to produce "any documents that are communications between commissioners, . . . not protected by the attorney/client privilege, . . . that talk about

5

plaintiff or this case." *Id.* at 55-56. The following day, the Magistrate Judge entered his written order, which contained some but not all of what he ruled at the hearing. Doc. 112.

The Magistrate Judge explained that his decision sought to "balance the concerns of avoiding disruptive discovery . . . with the needs of plaintiff in this case." Ex. B at 52; *see also id.* at 50, 55-56. As to absolute immunity, he recognized that Colorado cited no case that relied on absolute immunity to bar depositions of government defendants once the plaintiff's damages claims have been dismissed and only equitable claims remain. *Id.* at 48-49. He nevertheless blocked the individual depositions because he thought that absolute immunity case law "implicitly suggests that if the immunity question is decided in favor of immunity, . . . that discovery shouldn't take place." *Id.* at 4.

And as to the deliberative-process and mental-process privileges, the Magistrate Judge recognized that those privileges are "qualified" and overridden when "there is a finding of bad faith." *Id.* at 50. He then concluded that the bad-faith "finding[] that Judge Daniel makes on page 20 and 21 [of the motion-to-dismiss order] is largely based on undisputed facts in this case, and as a result, . . . I think Judge Daniel['s] opinion concludes essentially that" the bad-faith exception to those privileges is satisfied. *Id.* at 51. Notably, Colorado's counsel agreed that the "allegations relied on by Judge Daniel" for his bad-faith finding are not "in dispute." *Id.* at 45-46. The Magistrate Judge also recognized the importance of allowing Phillips to inquire into the Commissioners' discussions about him, this case, and the decision to prosecute him. "If there are discussions that the commissioners are having about why they are making [the] decision" to prosecute Phillips, the Magistrate Judge explained, "that goes potentially to the heart of the case." *Id.* at 53. "That coupled with the bad faith that . . . Judge Daniel has found, overweighs any

privilege." *Id.* Despite this, the Magistrate Judge prevented Phillips from deposing the individual Commissioners.

While the Magistrate Judge contemplated that Phillips may eventually be allowed to conduct limited depositions of the Commissioners, Phillips first has to pursue the 30(b)(6) option. *Id.* at 54-55, 59-60. But that effectively forecloses him from deposing any Commissioner before the preliminary-injunction hearing. That result is all the more guaranteed now that Colorado's counsel indicated during a February 14 conferral discussion that they want to schedule any 30(b)(6) deposition near the end of the expedited discovery period. Thus, without this Court's intervention, Plaintiffs will not be able to depose individual Commissioners before the hearing.

Hoping that the documents produced by Colorado might obviate the need for individual depositions, Phillips waited until he received and reviewed the documents on February 13 before filing this objection. Having now reviewed them, Phillips determined that he has no choice but to press for his right to depose the Commissioners before the preliminary-injunction hearing.

## <u>ARGUMENT</u>

On non-dispositive matters, a Magistrate Judge's order will be reversed if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order fails this standard if the Magistrate Judge abused his discretion or if the Court is left with a definite and firm conviction that a mistake has been made after viewing the record as a whole. *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1166 (D. Colo. 2015). Applying this standard, the order should be reversed because it is contrary to the law on absolute immunity and contrary to the well-settled rule that deliberative-process and mental-process privileges give way when the relevant state officials are acting in bad faith and their motives are relevant to the issues at hand.

I.      **The order denying expedited depositions of the individual Commissioners who are prosecuting Phillips in bad faith is clearly erroneous and contrary to law.**

As the Magistrate Judge recognized, this Court has concluded that certain objective facts in this case—facts that Colorado admits are undisputed—establish that the Commissioners are acting in bad faith toward Phillips. Ex. B at 45-46, 51. This alone justifies Phillips's request to depose Commissioners before the preliminary-injunction hearing.

Colorado bears the burden to prevent discovery. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). But as explained below, its reliance on absolute immunity and the deliberative-process and mental-process privileges does not suffice. Because Colorado bears the burden, any doubt should be resolved in favor of allowing the requested depositions. It is clear error and contrary to law to do otherwise.

A.      **Absolute immunity does not bar the individual Commissioners' depositions.**

That the "Commissioners are absolutely immune from Phillips' damages claims" due to their prosecutorial functions, Doc. 94 at 41, has no bearing on the discovery available for Phillips's remaining equitable claims. That is because absolute immunity for prosecutors and even judges applies only to damages claims, not claims for equitable relief.[1] This Court has already

---

[1] *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) ("[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."); *Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 736 (1980) ("Prosecutors enjoy absolute immunity from damages liability, but they are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law.") (citation omitted); *Brown v. Buhman*, 822 F.3d 1151, 1161 n.8 (10th Cir. 2016) ("Immunity defenses are not available . . . in suits seeking relief against a public official only in his or her official capacity."); *Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 267 (10th Cir. 1994) ("[N]either qualified *nor absolute* immunity precludes prospective *injunctive relief* except in rare circumstances . . . . A prosecutor may not simply raise the shield of official immunity and continue to act in an unconstitutional manner without fear of judicial orders to the contrary."); *see also*

recognized the "distinction" that absolute immunity draws between "damages, as opposed to equitable relief." Doc. 96-1 at 52 (Tr. of Dec. 18, 2018 Hearing).

Thus, an immunity from damages does not erect a wall against discovery on equitable claims. Were the law otherwise, Phillips would have the right to enjoin the Commissioners' unconstitutional acts, but not be allowed to depose them about those acts. Yet that would be the precise result from following the Magistrate Judge's view that "if the immunity question is decided in favor of immunity, . . . that discovery shouldn't take place." Ex. B at 4. Moreover, that logic punishes Phillips for having brought a damages claim. Had he never asserted it, immunity would not have been raised, and discovery would be unaffected.

Tellingly, Colorado has not cited any case where a court invoked quasi-prosecutorial absolute immunity to prevent a plaintiff pursuing only equitable relief from obtaining discovery from defendants. The Magistrate Judge acknowledged this. Ex. B at 48-49. So did Colorado's counsel. *Id.* at 27-28. In fact, the only case that the Magistrate Judge cited to support his ruling—*Metro Pony, LLC v. City of Metropolis*, No. 11-cv-144-JPG, 2011 WL 2729153 (S.D. Ill. July 13, 2011), *see* Ex. B at 2—*actually reversed* a magistrate judge's ruling that used legislative immunity to prevent the deposition of a government official. This Court should thus conclude that barring the deposition of named defendants who this Court said are acting in bad faith, without any on-point legal authority supporting that conclusion, is clear error.[2]

---

*Samuels v. McDonald*, 723 F. App'x 621, 623 n.4 (10th Cir. 2018) ("Although the prosecutors' immunity bars the § 1983 claim for money damages, they may be sued for injunctive relief.").

[2] Qualified immunity case law supports this conclusion. That kind of immunity, like absolute immunity, "is a right to immunity *from certain claims,* not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996). That is why courts have determined that qualified immunity from certain claims (such as claims for damages) does not justify curtailing discovery on other claims (such as claims for equitable relief). *See, e.g.*, *Lugo v. Alvarado*, 819 F.2d 5, 7

The Magistrate Judge's concern that allowing Phillips to depose the Commissioners would expose judges to depositions, *see* Ex. B at 4-5, is misplaced for at least four reasons. First, as Colorado admits, the Commissioners have taken no quasi-judicial action against Phillips,[3] and Phillips has disclaimed any attempt to depose the Commissioners about their adjudicative plans should they eventually review the ALJ's decision in the pending state proceeding. Doc. 113 at 3. Second, the Commissioners are the enforcement officials who alone had the authority to launch the formal state prosecution against Plaintiffs. Colo. Rev. Stat. § 24-34-306(4) (authorizing the Commission to file a formal complaint if it "determines that the circumstances warrant"). It is those prosecutorial actions—and discussions concerning them—that Phillips intends to ask about during the depositions. Third, this Court has already held that objective facts—which Colorado admits are undisputed—establish that the Commissioners "are pursuing the discrimination charges against Phillips in bad faith." Doc. 94 at 20-21; Ex. B at 45-46, 51. Fourth, the circumstances here are extraordinary. The Supreme Court just condemned the Division and Commission for acting with "clear and impermissible hostility" toward Phillips and his faith, *Masterpiece I*, 138 S. Ct. at 1729, and now those same agencies are continuing to engage in the

---

(1st Cir. 1987) (concluding that "the parties will have the right to engage in discovery as to the equitable claims" even if the damages claim is dismissed because the damages claim and "equitable requests stand on a different footing" for purposes of qualified immunity); *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) ("To the extent that [the defendant] is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity.").

[3] *See* Doc. 96-1 at 50 (Tr. of Dec. 18, 2018 Hearing) (acknowledging that Colorado was not raising "the issue of quasi-judicial immunity because . . . it's not alleged in the Complaint that the State officials have adjudicated the state charge . . . . Instead, we are focused solely on . . . the prosecutorial actions they have taken to date."); Doc. 94 at 32 n.7 (acknowledging this concession).

same disparate treatment, Doc. 94 at 20-21. Allowing Phillips to depose these prosecutorial officials under these circumstances will not open the floodgates to judges being forced to testify.

Nor is there a realistic risk that allowing these depositions will result in widespread depositions of prosecutors in administrative agencies. If a plaintiff seeks damages for such an official's past actions, absolute immunity would apply and bar the suit. And if a plaintiff requests equitable relief against an ongoing prosecution, abstention doctrines would generally result in the case's dismissal. It is only in the small category of cases where an abstention exception applies that this issue will arise.

If, as the Magistrate Judge reasoned, depositions are unavailable even when abstention's bad-faith exemption applies, the results are untenable. Plaintiffs will be allowed into federal court but left without the tools necessary to prove their case. And prosecutors in administrative agencies will be free to act in bad faith and engage in unconstitutional acts without fear of direct inquiry into their conduct. No case cited by Colorado or the Magistrate Judge justifies this. The order thus constitutes clear error and is contrary to law.

**B.    Deliberative-process and mental-process privileges do not bar the individual Commissioners' depositions.**

The Magistrate Judge determined that the deliberative-process and mental-process privileges do not apply here (1) because those "qualified" privileges are overridden when "there is a finding of bad faith," Ex. B at 50, and (2) because "Judge Daniel['s] opinion concludes essentially that" the bad-faith exception is satisfied, *id.* at 51. This is correct. Indeed, it is well established that a showing of "bad faith or improper behavior" justifies "inquiry into the mental processes of administrative decisionmakers," even quasi-judicial ones. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*,

430 U.S. 99 (1977).[4] To establish bad faith, Phillips has relied on not merely the undisputed facts that this Court said show disparate treatment, but also other evidence, *see* Doc. 113 at 6-7, including a social-media post from Commissioner Pocock calling Phillips a "hater," Doc. 104-26 at 5, and exhibits showing that Commissioner Aragon serves on a board of an advocacy group that filed amicus briefs against Phillips, *see* Doc. 104-30, Doc. 104-31, Doc. 104-29 at 3.

Two other legal arguments establish why the deliberative-process and mental-process privileges do not apply. First, those privileges have no place where, as here, government intent is directly at issue. *See* Doc. 113 at 4-5 (explaining this argument). And second, the factors for assessing whether those qualified privileges should be overridden weigh decidedly in favor of allowing the requested depositions. *See id.* at 7-10 (explaining this argument).

Despite all this, the Magistrate Judge prevented Phillips from deposing the individual Commissioners. The Magistrate Judge thought this was necessary to balance protection from discovery with Phillips's need for the information. But *Masterpiece I*, which relied in part on Commissioner comments to find anti-religious hostility, shows that Commissioners' discussions

---

[4] *See also Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1139 (10th Cir. 1999) (explaining that the privilege for administrative adjudicators announced in *United States v. Morgan*, 313 U.S. 409 (1941), "has an exception for cases involving 'a strong showing of bad faith or improper behavior'") (quoting *Overton Park*, 401 U.S. at 420); *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 885 (1st Cir. 1995) (upholding the district court's rejection of the deliberative-process privilege where the plaintiffs demonstrated sufficient evidence of "discriminatory motives" and "bad faith" by the agency); *InfoReliance Corp. v. United States*, 118 Fed. Cl. 744, 749 n.10 (2014) (finding that information "relevant to plaintiff's claim of bad faith . . . cannot be sheltered under a claim of deliberative process privilege"); *Tummino v. Von Eschenbach*, 427 F. Supp. 2d 212, 234 (E.D.N.Y. 2006) (noting that the deliberative-process privilege does not apply "to agency proceedings where a showing of bad faith has been made" and allowing agency officials to be deposed); *McGoldrick v. Koch*, 110 F.R.D. 153, 155–56 (S.D.N.Y. 1986) ("[W]here a party has made a *prima facie* showing that the decision by an agency or a judicial officer is tainted by impropriety, the decision-making process may be an appropriate subject of inquiry.").

and views about Phillips, this case, and the decision to prosecute him are of the utmost importance to Phillips's claims. 138 S. Ct. at 1729-30. Even the Magistrate Judge said that "[i]f there are discussions that the commissioners are having about why they are making [the] decision" to prosecute Phillips, "that goes potentially to the heart of the case." Ex. B at 53. He also added—and Colorado agreed—that if a Commissioner said that he or she chose to prosecute Phillips because of negative views about religion, that would justify the same outcome as in *Masterpiece I. Id.* at 36. With outcome-determinative evidence hanging in the balance, it was clearly erroneous and contrary to law for the Magistrate Judge to foreclose Phillips from deposing the individual Commissioners before the preliminary-injunction hearing (and possibly at all).

### C.   A Rule 30(b)(6) deposition is no substitute for deposing the individual Commissioners.

Allowing a Rule 30(b)(6) deposition of the Commission does not rectify the clear error of barring Plaintiffs from deposing the individual Commissioners. This is so for at least four reasons.

First, requiring Phillips to conduct the 30(b)(6) deposition effectively prevents him from deposing the Commissioners before the preliminary-injunction hearing. This puts Phillips at a distinct disadvantage as he prepares for that hearing. Colorado is free to depose Plaintiffs and any of their representatives, but Phillips is not allowed to depose named defendants who this Court said "are pursuing the discrimination charges against Phillips in bad faith." Doc. 94 at 21. That renders impossible the fair expedited discovery process and fair hearing that this Court requested.

Second, credibility determinations are relevant to Phillips's religious hostility and bad-faith arguments, but 30(b)(6) depositions are a poor vehicle for testing the credibility of individuals who are neither present nor under oath. Illustrating the importance of credibility in this case, this Court recognized that the Commissioners have shifted their rationale for Phillips's

prosecution, now relying on arguments that they did not raise in their formal complaint. Doc. 94 at 22. In addition, Commissioner Pocock denies that her "hater" post had anything to do with Phillips. *Compare* Doc. 51, ¶ 259, *with* Doc. 103, ¶ 259. And Commissioner Aragon denies his service with an advocacy group that filed an amicus brief against Phillips and claims to have never demonstrated "opposition" toward Phillips. *Compare* Doc. 51, ¶¶ 260-61, *with* Doc. 103, ¶¶ 260-61. The 30(b)(6) deposition will not allow Phillips to put these individual Commissioners under oath before the preliminary-injunction hearing.

Third, it is clear error to confine Phillips to asking a 30(b)(6) organizational representative about all the discussions that each Commissioner had with anyone concerning the decision to prosecute Phillips, this case, or Plaintiffs in general. Ex. B at 53-55. That deponent cannot possibly know enough to testify fully about those crucial conversations, the circumstances surrounding them, the intent behind them, and the people involved in them. This endeavor is bound to prove itself unworkable. And even if Phillips is later allowed to explore such discussions with individual Commissioners, by then it will be too late. If Phillips does not enjoin the pending state proceeding, he will be forced to endure much of the injury that this suit seeks to prevent.

Fourth, information recently disclosed to Phillips's counsel further demonstrates that the 30(b)(6) deposition will be inadequate. A Colorado legislator told Phillips's counsel that in November 2018, the legislator had a discussion with a current Commissioner during which that Commissioner expressed the belief that there is an anti-religious bias on the Commission. Ex. C, ¶ 6. In light of this highly probative evidence, it is imperative that Phillips be permitted to depose the individual Commissioners. Discussions like this must be explored directly. An organizational representative will not suffice.

II.   **The order denying inquiry into the Commissioners' views on religious freedom, religion, gay rights, and the legal issues underlying this lawsuit is clearly erroneous and contrary to law.**

Commissioners' antagonistic views toward religious freedom or religion in general are relevant indicators of unlawful anti-religious hostility. Indeed, *Masterpiece I* relied on comments reflecting those views in finding a free-exercise violation. *See* 138 S. Ct. at 1729 (discussing Commissioners' comments about religion and religious freedom—statements indicating that "religious beliefs cannot legitimately be carried into the public sphere" and that "[f]reedom of religion and religion has been used to justify all kinds of discrimination throughout history"). Accordingly, it is contrary to law for the Magistrate Judge to bar Phillips from asking the Commissioners whether they hold similarly hostile views.

Commissioners' views on LGBT issues are also highly relevant because the pending state prosecution seeks to punish Phillips for declining to create a cake with an expressive design reflecting and celebrating a gender transition. *See* Docs. 104-6 & 104-7. Given this background, Commissioners' views and discussions about those issues might shed light on the source of their hostility or bad faith. It is thus clear error for the Magistrate Judge to forbid Phillips from asking questions about those topics.

<u>**CONCLUSION**</u>

For the foregoing reasons, Phillips should be allowed to depose individual Commissioners during the expedited discovery period. The Magistrate Judge's order effectively prevents that, and in doing so, it is clearly erroneous and contrary to law and should be reversed.

Respectfully submitted this 18th day of February, 2019.

                      Attorneys for Plaintiffs:

                      *s/ Ryan J. Tucker*

                      Kristen K. Waggoner (Arizona Bar No. 032382)
                      Ryan J. Tucker (Arizona Bar No. 034382)
                      James A. Campbell (Arizona Bar No. 026737)
                      Jonathan A. Scruggs (Arizona Bar No. 030505)
                      Roger G. Brooks (North Carolina Bar No. 16317)
                      Jacob P. Warner (Arizona Bar No. 033894)
                      ALLIANCE DEFENDING FREEDOM
                      15100 N. 90th Street
                      Scottsdale, AZ 85260
                      (480) 444-0020
                      (480) 444-0028 (facsimile)
                      kwaggoner@ADFlegal.org
                      rtucker@ADFlegal.org
                      jcampbell@ADFlegal.org
                      jscruggs@ADFlegal.org
                      rbrooks@ADFlegal.org
                      jwarner@ADFlegal.org

                      David A. Cortman (Georgia Bar No. 188810)
                      ALLIANCE DEFENDING FREEDOM
                      1000 Hurricane Shoals Road NE, Suite D-1100
                      Lawrenceville, GA 30043
                      (770) 339-0774
                      (770) 339-6744 (facsimile)
                      dcortman@ADFlegal.org

                      Nicolle H. Martin (Colorado Bar No. 28737)
                      P.O. Box 270615
                      Littleton, CO 80127
                      (303) 332-4547
                      nicollem@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2019, the foregoing document and all its exhibits were filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

LeeAnn Morrill
First Assistant Attorney General
Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6159
Facsimile: (720) 508-6041
leeann.morrill@coag.gov

Vincent E. Morscher
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6588
Facsimile: (720) 508-6032
vincent.morscher@coag.gov

Grant T. Sullivan
Assistant Solicitor General
Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6349
Facsimile: (720) 508-6041
grant.sullivan@coag.gov

Jacquelynn Rich Fredericks
Assistant Attorney General
Higher Education Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6603
Facsimile: (720) 508-6041
jacquelynn.richfredericks@coag.gov

Michael D. McMaster
Assistant Solicitor General
Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Facsimile: (720) 508-6041
michael.mcmaster@coag.gov

*Attorneys for Defendants*

*s/ Ryan J. Tucker*
Ryan J. Tucker